# Fields v. Brice & Donehoo.

*Trover and Action on the Case.*

1. *Partnership—Right and title of individual member.*—One partner
has no separate and exclusive interest in partnership property, and
in his individual dealings for his own account, cannot deprive the
partnership of its right to use or appropriate partnership property in
a legitimate way, within the scope of the partnership.

2. *Same.*—At law, the legal title is deemed to be in the partners
composing the partnership, but in equity, the right of a partner is
only his proportionate share of what is left after the complete settle-
ment of the partnership affairs, including the rights of the partners
among themselves, and a purchaser from one partner succeeds to no
more.

3. *Practice—Trover; case.*—Trover and case are equitable remedies,
and must be administered upon equitable principles.

4. *Pleading—general issue.*—A general traverse in an action of tro-
ver, or case, for injury to property, puts in issue the vendible interest

of the plaintiff's vendor in, and his right to possession of the property described in the complaint.

Appeal from Blount Circuit Court.

Tried before Hon. Jas. A. Bilbro.

This action was begun by the appellant against the appellees by a complaint containing two counts, one in trover and the other declaring on the case and was tried upon the general issue. The evidence showed that one E. M. Cox was a member of Cox, Taylor & Co., a partnership composed of himself and two others, each being entitled to one-third interest therein. This firm owned a gin, and was engaged in the business of ginning cotton for a toll. The said Cox being individually indebted to the plaintiff, executed to him as security therefor, a mortgage on his interest in the firm's machinery, and also upon one-third of all the toll cotton received by his firm. This mortgage was duly recorded in the proper county. The defendant was shown to have received some of such toll cotton after the record of the mortgage.

The defendants were permitted to prove, against objection by the plaintiff, that such cotton was received by them from the firm of Cox, Taylor & Co., in exchange for bagging and ties furnished to enable said firm to carry on its business of ginning cotton. Upon the written request of the defendants, the court gave the affirmative charge in their favor.

By reason of such charge, and the ruling of the court upon the evidence as above shown, the plaintiffs took a voluntary non suit, and appealed.

Emory C. Hall, for appellant.—A mortgage by one partner of his interest in partnership property is superior to the claim of a subsequent purchaser from the partnership.—*Keith v. Ham*, 89 Ala. 590-594; *Carpenter v. Going*, 20 Ala. 587; *Sheppard v. Shelton*, 34 Ala. 652; *Arthur v. Gayle*, 38 Ala. 259; *Permenter v. Kelly*, 18 Ala. 716; *Smyth v. Tankersley*, 20 Ala. 212.

2. As to proper evidence under the plea of not guilty, cited Code § 2675; *Petty v. Dill*, 53 Ala. 64; *Lunsford v. Walker*, 93 Ala. 36.

Inzer & Ward *contra*, cited 59 Ala. p. 488; 79 Ala. p. 148; *Murphy v. Tait*, 80 Ala. 440.

[Fields v. Brice & Donehoo.]

HEAD, J.—The cotton alleged to have been converted by the defendants belonged to the partnership of Cox, Taylor & Co., composed of three persons, and consisted of profits or accretions accruing in the prosecution of the partnership business, to-wit, in tolls received, in the operation of a cotton ginnery, by the partnership. Before this toll cotton came *in esse,* and in possession of the partnership, Cox, one of the partners, to secure an individual debt, executed to the plaintiff, a mortgage on his undivided one-third interest in the mill machinery, &c., and the toll cotton to be earned during the year. After the cotton (four bales) was earned and in possession of the partnership, it, the partnership, appropriated it to legitimate purposes of its business, by exchanging it, with the defendants, for bagging and ties to be used in carrying on its business. The plaintiff's mortgage was recorded in the proper county before this exchange occurred. The cotton weighed 500 pounds per bale and was worth 7½ to 8 cents per pound. The defendants were merchants engaged in the general mercantile business in Oneonta, Blount county, Alabama. The plaintiff now sues the defendants, in two counts, one, trover, for the conversion of an undivided one-third interest in the cotton, and the other case, for destroying his lien upon, or equitable interest in, an undivided one-third interest therein. It is plain the action cannot be maintained. Cox had no separate and exclusive right, for his own uses and purposes, to the possession of the partnership property, or any interest therein, and he could confer none upon a purchaser or mortgagee from him ; and no act of his, in his individual dealings, on his own individual account, could deprive the partnership of its right to use, administer and appropriate the partnership property, in any legitimate way, within the scope of the partnership business. Whilst it is true, that in a court of law, administering strictly legal remedies, the legal title to partnership property is deemed to be in the individuals composing the partnership, very much as tenants in common are entitled, yet, in equity, the only interests of the partners, as individuals, are in what remains after dissolution, the payment of all partnership liabilities, and the final settlement and adjustment of the rights and equities of the partners among themselves. A purchaser or mortgagee from or of a partner, on his indi-

vidual account, in equity, succeeds only to his interest. *Wilson v. Strobach*, 59 Ala. 488 ; *Farley, Spear & Co. v. Moog*, 79 Ala. 148 ; *Tait v. Murphy*, 80 Ala. 440. These, trover and case, are equitable remedies and must be administered upon equitable principles.

There was no necessity for a special plea. The complaint contains nothing which needs confession and avoidance. A general traverse puts in issue the vendible or mortgageable interest of Cox in the property described, and his right to the immediate possession, in the character in which he acted when he executed the mortgage, when the property should come *in esse;* and it being determined, upon the proof, that he had no such interest and right of possession, the plaintiff acquired none from him.

The rulings of the Circuit Court were in harmony with our views, and its judgment is affirmed.