# Sloan, Admr. *v.* Wilson.

*Statutory Action of Detinue.*

1. *Partner's interest in partnership property; fact of mortgage by one of the partners.*—One partner has no separate and exclusive interest in partnership property, but the real ownership and legal title in such property is vested in the firm; and where, during the continuance of a partnership, one of the partners mortgages his half interest in the partnership property, the mortgage only passes the ultimate share of such partner in the firm's assets as would remain and to which he would be entitled after the payment of the partnership debts and the settlement of the accounts between the partners themselves.

2. *Same; same; dissolution of partnership.*—Where one partner mortgages his half interest in partnership property to secure his in-dividual debt, upon the subsequent dissolution of the partnership and a division of the firm property between the members by consent, the ownership of the title to the separate portions of the property

[Sloan, Admr. v. Wilson.]

allotted to each partner becomes vested at once and the title to the part allotted to the partner who had executed the mortgage becomes invested in his mortgagee, and that allotted to the other partner becomes invested in himself.

4. *Same; same; same; right of mortgagee to maintain detinue.* Where one partner mortgages his half interest in the partnership property to secure his individual debt, and upon the subsequent dissolution, by consent of the partnership there is a division of the partnership property between the members of the firm, and after such division the partner who had executed the mortgage delivered his share to his partner on his promise to assist him in raising money to pay off such mortgage, such partner does not acquire the title to the property so transferred to him, but the mortgagee acquires the legal title thereto under his mortgage, and can maintain an action of detinue against one who purchased the property from the mortgagor's partner.

APPEAL from the Circuit Court of Tuscaloosa.

Tried before the Hon. S. H. SPROTT.

This was a statutory action of detinue, brought by the appellant, E. F. Sloan, as administrator of the estate of Mrs. T. Sloan, deceased, against the appellee, John Wilson. The facts of the case are sufficiently stated in the opinion.

There were verdict and judgment for the defendant. The plaintiff appeals, and assigns as error the giving of the general affirmative charge requested by the defendant.

FOSTER & OLIVER, for appellant.—The mortgage to plaintiff's intestate conveyed all the interest which Duncan had in the partnership, and when the partnership was dissolved, and the property divided between Taylor and Duncan, plaintiff's intestate had, by virtue of the mortgage, legal title to such property as was allotted to Duncan.—*Keith v. Ham,* 89 Ala. 590; *Mayer v. Clark,* 40 Ala. 259; *Howze v. Dew,* 90 Ala. 178; *Monroe v. Hamilton,* 60 Ala. 233; *Smith v. Andrews,* 49 Ill. 28; 2 Lindley on Partnership, (Rapaljes ed.) *p. 362, *et seq.*

VANDEGRAAFF & MCCARTY, *contra.*

HARALSON, J.—In the case before us, as it appears by the agreed statement of facts, J. T. Taylor and A. D. Duncan were, on the 30th August, 1893, equal partners

in the dairy business. On that day, Duncan duly executed to Mrs. Sloan, appellant's intestate, a mortgage on his half interest in the partnership property, to secure a debt of $300.

The plaintiff's evidence tended to show, that in May or June, 1894, there was a dissolution by mutual consent, of the partnership between Taylor and Duncan, and the partnership property was divided between them, Duncan receiving as his share, among other things, 24 cows, nine of which were seized under the writ of detinue in this case ; that the partnership business was then discontinued, and there was no agreement that the property turned over to Duncan, on this division, should be bound for the partnership debts ; that the partnership owed, at the time, a debt to the First National Bank for money borrowed with which to buy feed for the cattle, and Duncan agreed with Taylor to pay that debt ; that Duncan, who continued the business, in April or May, 1895, owed a debt to the Oil Mill, on his individual acount, on which his former partner, Taylor, had become surety, and he agreed with Taylor, that if the latter would pay the Oil Mill and bank debts, and assist him in borrowing $300, with which to pay off the mortgage to Mrs. Sloan, he would turn over to him all the property he received on said division of the partnership property, to pay him therefor ; that with such understanding, he turned over to Taylor said property, including nine of the cows which were allotted to him, and which were seized under the writ of detinue in this suit, and Taylor afterwards sold the same to the defendant.

The evidence for the defendant tended to show, that on the division of the partnership property, it was agreed that the property delivered to Duncan should stand for the debts owing by the partnership, and that the debts owing to the bank and Oil Mill were partnership debts. In other respects, there was no conflict in the evidence. The court, at the request of defendant, gave for him the general charge. The counsel on both sides agree upon, and submit for our decision, the question, "Whether the mortgage of A. D. Duncan to plaintiff's intestate conveyed a legal interest, such as can be recognized and enforced in a court of law, as a foundation for a recovery in his action of detinue?"

The rule is recognized, that a partner does not sepa-

rately own, or have right of exclusive possession to any particular article of partnership property, or aliquot part thereof; but the real ownership and the legal title are vested in the firm.—*Tait v. Murphy*, 80 Ala. 440; *Vinson v. Ardis*, 81 Ala. 271.

During the continuance of this partnership, then, Duncan did not own the legal title to the property which he mortgaged. It was in the existing firm. His mortgagee, the plaintiff's intestate, took no larger interest or title in the property mortgaged, than Duncan had. The mortgage did pass, and could only pass, the ultimate share of the partnership effects, that would remain, as coming to Duncan, after the payment of the partnership debts, and settlement of accounts between the partners.—*Fields v. Brice*, 108 Ala. 632, 634; *Tait v. Murphy*, 80 Ala. 443; *Farley v. Moog*, 79 Ala. 148; *Daniel v. Owens & Co.*, 70 Ala. 301; 17 Am. & Eng. Encyc. of Law, 966; Jones on Mortgages, § 45.

This partnership was, as is admitted, dissolved by mutual consent, in May or June, 1895, and the partnership effects were divided between the partners, Taylor taking his, and Duncan the other part. There was no firm, thereafter, in which the ownership of and legal title to the property that once belonged to the firm, before its dissolution, could remain vested. Upon dissolution and division of the property, the ownership and title to the separate parts apportioned to each partner by consent, became vested,—the part allotted to Taylor, in him, and the part allotted to Duncan in his mortgagee, Mrs. Sloan. The creditors of the firm, as such, had no lien, enforceable at law, on the property while it belonged to the partnership, nor on any portion of it, after it was divided between the partners. No question arises in the case as to the rights of creditors.—*Mayer v. Clark*, 40 Ala. 259; *Reese v. Bradford*, 13 Ala. 837; Story on Part., §§ 97, 357–360.

The proof of the plaintiff, as appears above, tended to show, that there was no agreement that the property turned over to Duncan, on the dissolution and division of the assets, should be bound for partnership debts; and that, on the part of defendant, that it should be, Whether there was an agreement to this effect or not, does not affect the creditors, as such. If there was such an agreement, it appertained wholly to the partners

themselves. When the partnership was dissolved, and the property was divided, and each partner took his share, the title and ownership vested in Taylor and the mortgagee of Duncan, respectively, discharged of any lien of the respective partners on it, while it was partnership property, or the payment of firm debts.—*Rose v. Gunn*, 79 Ala. 415 ; *Goldsmith v. Eichold*, 94 Ala. 120 ; *Mayer v. Clark, supra.*

If there was an agreement, such as the defendant's evidence tended to show, and even if that had been in writing, which is not shown, its only effect, if binding, would have been to create an individual, personal contract and security by Duncan to his partner, Taylor, to pay.—Story on Part., § 359. Moreover, that agreement if made, was, as appears, merely a verbal mortgage on personal property to secure a personal liability, which is void under the statute.—Code of 1886, § 1731 ; Code of 1896, § 2151 ; *Barnhill v. Howard*, 104 Ala. 413.

It follows from what has been said, that Mrs. Sloan acquired the legal title under her mortgage to the property sued for, and her administrator was entitled to maintain detinue for it.

It is undisputed that Taylor, from whom defendant acquired the property, knew of the existence of this mortgage, and received possession of the property sued for, on the promise to assist Duncan to raise $300, with which to pay the mortgage. Taylor did not acquire, by the delivery of this property to him, any better title than Duncan had, and he could not have sold and transferred to defendant a title which he did not own. The court erred in giving the general charge for defendant.

Reversed and remanded.