[Brannum v. Wertheimer-Swartz Shoe Co ]

# Brannum　*v.*　Wertheimer-Swartz Shoe Co.

## *Action of Assumpsit.*

1. *Dissolution of partnership ; rights of creditors as to retiring partner.*
A partner retiring from a firm after the purchase of goods by it, is
not released from liability as principal debtor to the seller of the
goods ; and this is true even though the seller thereafter extends the
time of payment for the goods to the continuing partner. .

2. *Same ; extension of payment ; admissibility of letter written to con-*
*tinuing partner.*—A letter written to the continuing partner, after the
dissolution of a firm, extending the time of payment for goods sold
the firm prior to the dissolution, is incompetent and inadmissible as
evidence in an action against the partners for the price of the goods.

APPEAL from the Circuit Court of Madison.

Tried before the Hon. JOHN H. SHEFFEY, Special
Judge.

This action was brought by the appellee against the
appellants. The complaint contained the common
counts for goods sold and delivered.

The defense was that the partnership which had pre-
viously existed between the defendants was dissolved
before the goods were delivered, and that there was a
countermanding of the order after the dissolution of the
partnership, but the contract of sale had been made.
The facts in reference to the making of the contract are
sufficiently stated in the opinion.

It was shown that after the retirement of W. T. Bran-
num from the firm of J. C. & W. T. Brannum, J. C.
Brannum wrote plaintiff a letter countermanding the
order for the goods ; that the plaintiff declined to abide
the countermanding, but agreed, in response thereto, to
extend the time of payment. This letter, in which the
plaintiff agreed to extend to J. C. Brannum the time of
payment, was offered in evidence. The plaintiff objected
to its introduction in evidence, on the ground that it was
irrelevant and immaterial. The court sustained the ob-
jection, and the defendants duly excepted.

At the request of the plaintiff, the court gave the general affirmative charge in its behalf. To the giving of this charge the defendants duly excepted. There were verdict and judgment for the plaintiff. The defendants appeal, and assign as error the rulings of the court to which exceptions were reserved.

WILLIAM RICHARDSON, for appellant.

J. W. DAVIDSON and S. S. PLEASANTS, *contra.*—After the goods were ordered by appellants and the order accepted by appellee, this constituted a contract of sale, binding alike upon both parties, and J. C. Brannum had no right to countermand the order either before or after the dissolution of his firm.—21 Amer. & Eng. Encyc. of Law, 451, 452, 578, 581; *Eskridge v. Glover*, 5 Stew. & Port. 264; *Roberts v. Strang*, 38 Ala. 566.

COLEMAN, J.—This is an action by appellee in assumpsit to recover for merchandise sold and delivered. Plaintiff introduced evidence that defendants, as partners, made a contract of purchase of the goods on or about the 1st of May, 1894, to be shipped later, at a stipulated price. It was in evidence that on June 4th afterwards, the partnership of J. C. & W. T. Brannum was dissolved, W. T. Brannum retiring from the firm. There was some evidence tending to show that before the goods were shipped, plaintiff was notified of the dissolution of the firm, and an order given by the defendants not to ship the goods. The evidence was without conflict, that defendants, as partners and before the dissolution, purchased the goods, that they were shipped to the partnership and received in the partnership name, and there was no evidence tending to show that plaintiff released the firm from their contract, or agreed to look to J. C. Brannum for payment. The law in this State is, that a mere extension of the time of payment of a partnership debt, does not release a partner who may have retired from the firm after the contraction of the debt and before the grant of extension. In fact the decision of the court in the case of *First Nat. Bank v. Cheney*, 114 Ala. 546, and especially as to plea No. 5 in the case cited, disposes of the defense relied upon by the defendants in the present case, adversely to their contention.

[Hamaker v. Coons.]

We find no error in the exclusion of the letter written by the plaintiff to J. C. Brannum. It shows on its face it was a reply written to a letter of J. C. Brannum; dated long after the contract and receipt of the goods, and could exert no influence on the issue made by the pleading.—*First Nat. Bank v. Cheney,* 114 Ala. 536, *supra.*

Affirmed.