(104 So. 831)

**SCHEUER et al. v. WISE.**    (3 Div. 716.)

(Supreme Court of Alabama. June 11, 1925.)

**1. Appeal and error �køb1078(1)—Assignments, not urged in brief, stated as waived.**

Assignments of error, not argued in brief of appellant, will be treated as waived.

**2. Partnership ⊙►95—Contract construed as whole to decide its true meaning.**

In construing contract for sale of partner's interest in partnership, court will look to and consider whole instrument, so as to decide its true meaning in any and all of its parts.

**3. Contracts ⊙►143—Facts and circumstances attending execution and relation and condition of parties considered in construing contract.**

Court, in construing contract, will consider its nature, facts and circumstances leading up to and attending its execution, relation and condition of parties, nature and situation of subject-matter, and apparent purpose of making contract.

**4. Partnership ⊙►95—Partner selling partnership interest to remaining partners held to have been released from payment of all partnership liability, including excess profit tax.**

Under contract by defendant for sale of his partnership interest to remaining partners, providing that purchasers are to pay for all debts for merchandise or borrowed money and release him from all liability, held that, in view of Code 1907, § 3973, defendant was thereby released from all liabilities of partnership, including excess profit tax for year during which defendant was still member of partnership.

**5. Partnership ⊙►95—Selling partner agreeing to employ attorney to contest excess profit tax, held not to have thereby admitted his liability to pay share of such tax.**

Where defendant sold his partnership interest to plaintiffs under contract whereby they released him from all partnership liabilities, his act in agreeing to employ attorneys to contest excess profit tax assessed against partnership, and agreeing to pay pro rata share of fee, did not constitute an admission of liability on his part to pay tax or any part thereof under his contract.

Appeal from Circuit Court, Montgomery County; Walter B. Jones, Judge.

Action by Mose and Nathan Scheuer against Emil Wise. Judgment for defendant, and plaintiffs appeal. Affirmed.

The contract exhibited with the complaint is as follows:

"This contract, made and entered into this 1st day of May, 1922, by and between E. Wise, party of the first part, and Scheuer Bros. & Co., parties of the second part, witnesseth:

"That the said party of the first part has this day sold to the said parties of the second part all his interest in and to the business of Scheuer, Wise & Co., for the sum of fifty-one thousand five hundred fifty-one and 43/100 dollars ($51,551.43), payable as follows: $17,-183.81 cash; $17,183.81 November 1st, 1922; $17.183.81 February 1st, 1923—deferred payments evidenced by promissory notes bearing interest at 8% per annum from date, said notes being dated May 1st, 1922, and payable November 1st, 1922, and February 1st, 1923, as above stated.

"It is understood and agreed that the interest of Scheuer Bros. & Co. in and to the lands in Coffee county, Ala., known as the Johnson lands, which are held in the name of E. Wise, and charged on the books of Scheuer, Wise & Co. to E. Wise, trustee, is to be three-fourths of the interest of Scheuer, Wise & Co.; the remaining fourth interest of Scheuer, Wise & Co. continuing as the property of E. Wise.

"It is also understood and agreed that all book accounts, notes, mortgages and other items due the firm of Scheuer, Wise & Co. are to be the property of Scheuer Bros. & Co. and all the debts due by the firm of Scheuer, Wise & Co. for merchandise or borrowed money are to be paid by Scheuer Bros. & Co.; the said E. Wise being released from all liability, as far as the parties to this contract are able to release him.

"In witness whereof, the said party of the first part and the said parties of the second part have hereunto set their hands and affixed their seals on the day and year first above written.

Weil, Stakely & Vardaman, of Montgomery, for appellants.

A partner who retires from a firm continues to be responsible for the debts or liabilities of the firm, there being no agreement to the contrary. Brannum v. Wertheimer-Swartz Shoe Co., 117 Ala. 601, 23 So. 639; 30 Cyc. 612. A partner who has been forced to pay firm debts has a right of contribution from his copartners. Webb v. Butler, 192 Ala. 287, 68 So. 369, Ann. Cas. 1916D, 815. The contract of sale does not constitute a release of Wise from the liability sued on. Mobile County v. Linch, 198 Ala. 57, 73 So. 423; 13 C. J. 525, 537; 2 Elliott on Contr. § 3495; T. & P. R. Co. v. Dashiell, 198 U. S. 521, 25 S. Ct. 737, 49 L. Ed. 1150; Little Cahaba Coal Co. v. Ætna Life Ins. Co., 192 Ala. 42, 68 So. 317, Ann. Cas. 1917D, 863; Birmingham

Water Works Co. v. Birmingham (Ala. Sup.) 42 So. 10; McKleroy v. Cantey, 95 Ala. 295, 11 So. 258; Amos v. State, 73 Ala. '498; Central of Ga. v. State, 145 Ala. 99, 40 So. 991. Where the parties to a contract have given it a particular construction, such' construction will generally be adopted by the court in giving effect to its provisions, and the subsequent acts of the parties, showing the construction they had put upon the agreement themselves, are to be looked to by the court, and in some cases made controlling. Montgomery Enterprises v. Empire Theatre Co., 204 Ala. 566, 86 So. 880, 19 A. L. R. 987; Jefferson P. & M. Supply Co. v. Peebles, 195 Ala. 608, 71 So. 413.

Steiner, Crum & Weil, of Montgomery, for appellee.

By the contract of sale plaintiffs assumed all liabilities of the firm. 13 C. J. 542; Roach v. McDonald, 187 Ala. 66, 65 So. 823; Ashley v. Cathcart, 159 Ala. 474, 49 So. 75; Comer v. Bankhead, 70 Ala. 136. Wise's interest in the partnership assets was only such as remained after payment of partnership debts and liabilities. Planters', etc., Co. v. Moore, 7 Ala. App. 393, 62 So. 302; 22 A. & E. Ency. of Law (2d Ed.) 104; Cobb v. Benedict, 27 Colo. 342, 62 P. 222. The covenant to release Wise was not one of indemnity, but one to pay the debts. 2' Clement Bates on Partnership, § 638; Alexander v. McPeck, 189 Mass. 34, 75 N. E. 88. The plaintiffs took subject to the tax lien. U. S. v. Boss & Peake (D. C.) 285 F. 410; In re W. J. Marshall Co. (D. C.) 3 F.(2d) 193; Heyward v. U. S. (C. C. A.) 2 F.(2d) 467; Hanna v. Hyatt, 67 Mo. App. 308; Wheat v. Hamilton, 53 Ind. 256. The words "all liability," as used in the contract, are sufficiently broad to include every character of legal responsibility. 36 C. J. 1050.

MILLER, J. This is a suit brought by Mose Scheuer and Nathan Scheuer against Emil Wise, to recover the sum of $6,250, with interest.

There are four counts in the complaint, numbered 1, 2, 3, and 4. As originally filed, the complaint was composed of counts 1 and 2 and counts 3 and 4 were added by amendment. The court sustained demurrers of defendant to each and all of the counts, the plaintiff declined to plead further, and the court dismissed the case and taxed the plaintiffs with the costs. This appeal is prosecuted from that judgment, and the court's action in sustaining demurrers of defendant to counts 1, 2, 3, and 4 are four of the errors separately assigned, and the final judgment of the court, dismissing the case and taxing plaintiffs with the cost, is also assigned as error.

[1] The appellants, plaintiffs, insist on, argue, and urge in brief only three errors—the rulings of the court in sustaining demurrers of defendant to counts 2, 3, and 4 of the complaint. We will consider and discuss only these three, because the other errors assigned, but not argued and urged in brief of appellant in this, a civil case, will be treated as waived by this court. Ala. Mid. Ry. Co. v. McDonald, 112 Ala. 216, 20 So. 472; Southern Ry. Co. v. Cunningham, 112 Ala. 496, 20 So. 639; Hymes v. State, 209 Ala. 91, headnote 3, 95 So. 383.

Mose Scheuer and Nathan Scheuer, plaintiffs, and Emil Wise, defendant, and one A. J. Harris, were partners prior to May 1, 1922, doing business under the firm name of Scheuer, Wise & Co.; on that day this firm was dissolved, and a new firm composed of only the plaintiffs was formed. The plaintiffs composing the new firm purchased all of the interest of defendant, Wise, in the business of Scheuer, Wise & Co. The contract was in writing, signed by the parties, and is made an exhibit to each of the counts (2, 3, and 4) under consideration. In July, 1923, the United States government assessed the said Scheuer, Wise & Co. with a federal income excess profits tax for the year 1917, amounting to $31,000. The defendant paid no part of this tax, but plaintiffs were forced to pay it in full, and they seek by this suit to recover the proportionate part thereof, one-fourth, which they claim should have been paid by defendant. These averments are contained in all of the counts 2, 3, and 4.

Count 4 further avers that plaintiffs, defendant, and Harris, were, prior to the dissolution of the firm, each equally interested (one-fourth each) in its assets and equally liable for its debts or liabilities. Count 3 contains the foregoing averments in count 4, and also avers the United States government, in July, 1923, assessed the firm of Scheuer, Wise & Co. with a federal income excess profits tax for the year 1917 amounting to more than $40,000. and notified said partnership of this additional assessment; thereupon the four members of that firm employed counsel for the purpose of contesting this additional assessment, executed a power of attorney authorizing the attorneys to represent each of said partners in making the contest, and the four members of that partnership agreed with the attorneys as to the amount of their compensation, and each agreed to pay his pro rata part of the attorneys' fee. On the contest this assessment was reduced from over $40,000 to $30,000, "and said partnership (Scheuer, Wise & Co.) was held to be liable therefor." Notice was issued to Scheuer, Wise & Co. that, unless the amount of said additional assessment was immediately paid, their property would be levied upon and sold by the government. The plaintiffs paid, after this notice, said additional assessment

amounting to the sum of, to wit, $30,000. The new partnership, Scheuer Bros. & Co., composed of plaintiffs, in the operation of its business after the dissolution of the. firm of Scheuer, Wise & Co., on May 1, 1922, "continued selling and disposing of, in the ordinary course of its business, the assets acquired from the old firm of Scheuer, Wise & Co., and that on or before the month of July, 1923, they had sold or otherwise disposed of practically all of the assets of the old firm of Scheuer, Wise & Co., which they acquired at the time of and by virtue of said dissolution."

This court, in Tait v. Murphy, 80 Ala. 443, 2 So. 319, wrote: "The interest of a partner is his share of the proceeds of all the partnership. effects after the liabilities have been satisfied." When one partner sells his interest voluntarily to other partners in the business, for an agreed consideration, the vendees are entitled to receive such partner's share of the property "after a settlement of the partnership affairs and the payment of all the partnership debts." Am. & Eng. Ency. of Law (2d Ed.) vol. 22, p. 105, headnote 2; Fields v. Brice, 108 Ala. 632, 18 So. 742; Wilson v. Strobach, 59 Ala. 488.

Each of these counts under consideration avers this federal income excess profits tax was for the year 1917, that it was assessed against Scheuer, Wise & Co. for that year; that it was a partnership liability; and that plaintiffs had to pay it in 1923. So it is evident from the averments this tax was a liability of Scheuer, Wise & Co. when defendant sold by this contract his interest therein to the plaintiffs on May 1, 1922.

Whether these counts are subject to demurrer for plaintiffs' failure to state a cause of action against the defendant, in order to recover from him one-fourth of this tax paid by them, depends primarily on the construction of the written contract of sale and purchase between plaintiffs and defendant, which is attached as an exhibit to each of the counts under consideration.

[2, 3] In construing this contract, the court will look to and consider the whole instrument, so as to decide its true meaning in any and all of its parts. The court will consider the nature of the contract, "the facts and circumstances leading up to and attending its execution, the relation and condition of the parties, the nature and. situation of the subject-matter, and the apparent purpose of making the contract." 13 Corp. Jur. p. 542, headnote 32; Roach v. McDonald, 187 Ala. 64, 65 So. 823; Watson v. Kirby, 112 Ala. 436, 20 So. 624.

[4] In the first part of the contract the defendant sold to plaintiffs "all his interest in and to the business of Scheuer, Wise & Co. for $51,551.43"; $17,183.81 of which was paid him by them in cash, and a note for $17,183.81, due November 1, 1922, and a note for $17,183.81, due February 1, 1923, were given him by them for the balance of the purchase price. This part of the contract clearly evidences an intent by the defendant to transfer for a valuable consideration his interest to the plaintiffs in the business, and the intent of plaintiffs to own his interest "after settlement of the partnership affairs and the payment of all the partnership debts." He sold and transferred for an agreed consideration his interest in the business to plaintiffs; and they received it subject to a settlement of the partnership affairs and the partnership debts. But this contract contains the following clause and agreement:

"It is also understood and agreed that all book accounts. notes, mortgages and other items due the firm of Scheuer, Wise & Co. are to be the property of Scheuer Bros. & Co. and all the debts due by the firm of Scheuer, Wise & Co. for merchandise or borrowed money are to be paid by Scheuer Bros. & Co.; the said E. Wise being released from all liability, as far as the parties to this contract are able to release him."

The plaintiffs by this expressly agreed to pay "all the debts due by the firm of Scheuer, Wise & Co. for merchandise or borrowed money." The plaintiffs contend by this clause in the contract, "the said E. Wise being released from all liability as far as the parties to this contract are able to release him," that they contracted and intended to release the defendant only from all liability for debts due for merchandise and for borrowed money; but the defendant contends plaintiffs contracted and intended thereby to release him from all other liability of the firm of Scheuer, Wise & Co.

In Cobb v. Benedict, 27 Colo. 342, 62 P. 222, we find this principle stated:

"Where one partner sells his entire interest in the assets and business of a firm to his copartners, for an agreed consideration, and nothing is said regarding the liabilities of the partnership, the presumption is that the purchasing partners, as between themselves and the one retiring, assumed such liabilities."

There is nothing in the contract or the averments of the counts showing the defendant, in the sale and transfer of his interest, impliedly or expressly agreed to pay his pro rata part of all other liabilities of the partnership or his part of this excess profits tax liability. The defendant by this written transfer did not warrant the property free from liens. He did not expressly agree to be responsible for any liability of the firm as between him and the vendees. He simply "sold all of his interest in the business" for a sum certain. He received an agreed consideration for his interest. He transferred it to the vendees without warranty. The vendees expressly agreed to pay debts for merchandise and borrowed money.

After agreeing to pay these debts, it was not necessary to insert in the contract Wise would be released from "all liability" as to these debts—for merchandise and borrowed money.

So it appears to us, and we hold, the plaintiffs agreed to pay all debts of the firm for merchandise and for borrowed money; and plaintiffs contemplated and intended by this clause, "the said E. Wise being released from all liability as far as the parties to this contract are able to release him," to see that Wise was released from the payment of all other liabilities of Scheuer, Wise & Co., whatever they might be. The defendant had been released from merchandise debts and borrowed money debts; and these words following, quoted above, would be useless, meaningless, unless it was the intent and purpose of their use to release Wise from all other liabilities of the partnership. "All liability" is a comprehensive term, sufficient to include any legal responsibility. 36 Corp. Jur. p. 1050.

It appears, and we hold, by this contract defendant sold to plaintiffs all of his interest in this business, except as stated therein, for an agreed consideration; the vendees received the assets and intended to and did assume all the liabilities of the partnership, and they intended to and did release defendant from all liabilities of the partnership, which included this excess profits tax for 1917. Authorities, supra. All releases in writing, whether of a debt of record or a contract under seal or otherwise, must have effect according to the intention of the parties thereto. Section 3973, Code 1907.

[5] It is true count 3 alleges the federal government gave notice to Scheuer, Wise & Co. in July, 1923, for the 1917 excess profits tax. At that time it appears from this count that practically all of the assets of the late firm had been disposed of by the vendees, plaintiffs, the new firm. Each member of the old firm, for the purpose of contesting this $40,000 assessed against the old firm, employed the same lawyers, and each agreed to pay his pro rata part of the fee to contest and reduce the assessment; each gave the attorneys authority in writing and by affidavit to represent them in this contest of this claim. The assessment was reduced by about $10,000 by the contest. This contract of Wise, defendant, with plaintiffs, did not relieve him of liability for the debts to creditors and taxes due the government by Scheuer, Wise & Co., except as between defendant and plaintiffs. The plaintiffs by the contract relieved him of liabilities. First Nat. Bank v. Cheney, 114 Ala. 546, 21 So. 1002; Brannum v. Shoe Co., 117 Ala. 601, 23 So. 639.

The firm of Scheuer, Wise & Co. was in existence in 1917. This conduct on the part of Wise in no manner admits his liability to pay the tax or any part thereof under his contract with plaintiffs. It may have been done by him to avoid possible individual liability on his part to the government, or possibly to meet a requirement of the rules of the department in order for plaintiffs through the late firm to contest the assessment. No fact is alleged in count 3, showing liability under his contract with plaintiffs to pay any part of this excess profits tax to plaintiffs.

It results that counts 2, 3, and 4 each fail to allege facts showing that plaintiffs have the right to recover from the defendant any part of this excess profits tax assessed against, and which was a liability of, the Scheuer, Wise Company for the year 1917, and which was paid by plaintiffs in 1923. Neither of these counts stated a cause of action against the defendant, and the demurrers of the defendant to each of these counts were properly sustained by the trial court.

The record is free from error, and the judgment is affirmed.

Affirmed.

ANDERSON, C. J., and SAYRE and GARDNER, JJ., concur.