74 So.2d 908

### Virgil DEARMAN

v.

### Elizabeth COTTRELL.

### 8 Div. 673.

Supreme Court of Alabama.

Oct. 7, 1954.

Russell W. Lynne, Decatur, for appellant.

Sherman B. Powell, Decatur, for appellee.

LIVINGSTON, Chief Justice.

This is a proceeding in equity in the Morgan County Court of Morgan County, Alabama, instituted by Elizabeth Cottrell against Norman Sparks and Virgil Dearman, the appellant. Purpose of the bill is to foreclose a chattel mortgage given by respondent, Sparks, to complainant, appellee.

The bill of complaint alleges that respondents created a partnership under the trade name of Dearman Auto Body Works in April, 1952, for the purpose of operating an automotive repair business in Decatur, Alabama. It states that each of the respondents were owners of an undivided one-half interest therein. Complainant avers that immediately preceding the creation of the partnership, she with the full knowledge of each of respondents, and at their joint request, loaned to respondent, Sparks, the sum of $1,000 with which said Sparks purchased his undivided one-half interest from appellant. It is further alleged that complainant, appellee, on or about April 21, 1952, made said loan upon the understanding and agreement of all the parties that respondent, Sparks, would execute in her favor, as consideration for the loan, a promissory note for a like sum, and that Sparks would secure the note with a chattel mortgage to her upon his entire undivided one-half interest in the partnership. The bill emphasizes that "each of respondents agreed thereto." The note, bearing interest at the rate of six per cent

per annum, was made payable on demand. It is stated that the chattel mortgage, which included Sparks' undivided one-half interest in all equipment, fixtures, accessories and material used in the business, was recorded on April 28, 1952, the date of its execution and delivery. Complainant avers that on or about May 1, 1952, she made demand on Sparks to pay the note, it then being due and payable. Sparks refused to pay. It is alleged that complainant later made repeated demands for payment, but that Sparks, upon each demand, has refused payment. The bill states that respondent, Sparks, is insolvent, that little or no capital is owned by the partnership, and that payment through the sale of partnership assets is the only manner in which complainant can be reimbursed. Complainant avers that she cannot collect her security unless the mortgage is foreclosed; she further states that a sale for division of partnership assets and an accounting between the partners are necessary inasmuch as said assets cannot otherwise be equally divided.

Appellant, Dearman, demurred to the bill as a whole, but respondent, Sparks, made no appearance in the cause. Thereafter, appellant amended his demurrer, and also demurred to the phase of the bill that seeks a sale of appellant's interest in the partnership property.

From the trial court's decree overruling the demurrer, appellant prosecutes this appeal.

A partner may execute a valid chattel mortgage on his own private interest in partnership property to secure his individual indebtedness. Sloan v. Wilson, 117 Ala. 583, 23 So. 145; Ellis Jones Drug Co. v. Coker, 151 Miss. 102, 117 So. 545, 59 A.L.R. 285; 10 Am.Jur., Chattel Mortgages, § 28.

Clearly, in our opinion, Tit. 43, § 2, Code of Alabama 1940, is not applicable to this appeal. That statute does not concern a transaction to which all partners have agreed. See Southern Cotton Oil Co. v. Lowery, 231 Ala. 119, 163 So. 629, decided by this court in 1935, long after the

504

contents of Tit. 43, § 2, supra, were embraced within our Code. As stated previously, the bill alleges that the loan and mortgage were executed "upon the understanding and agreement of all the parties." We cannot disregard the allegation that "each of respondents agreed thereto." On demurrer, it is fundamental that said allegations must be considered as true.

Sloan v. Wilson, supra [117 Ala. 583, 23 So. 146], states the following:

"The rule is recognized, that a partner does not separately own, or have right of exclusive possession to any particular article of partnership property, or aliquot part thereof; but the real ownership and the legal title are vested in the firm. * * *

"During the continuance of this partnership, then, Duncan did not own the legal title to the property which he mortgaged. It was in the existing firm. His mortgagee * * * took no larger interest or title in the property mortgaged, than Duncan had. The mortgage did pass, and could only pass, the ultimate share of the partnership effects, that would remain, as coming to Duncan, after the payment of the partnership debts, and settlement of accounts between the partners. * * *"

Thus, it is manifest that a sale for division of partnership assets and an accounting between the partners, in addition to foreclosure of the mortgage, will be necessary to render complainant, appellee, an adequate remedy, should she be entitled to relief. Our conclusion is in accord with the reasoning of Sloan v. Wilson, supra,

and that of Ellis Jones Drug Co. v. Coker, supra.

The lower court's ruling is without error and its decree is hereby affirmed.

Affirmed.

SIMPSON, GOODWYN and CLAYTON, JJ., concur.