FRANCIS C. DUTTON *vs.* ANNA M. BENNETT.

Middlesex.　March 19, 1926. — June 10, 1926.

Present: RUGG, C.J., CROSBY, PIERCE, CARROLL, & WAIT, JJ.

*Practice, Civil*, Exceptions: notice of filing; Rules of court.　*Rules of Court.*
　*Sale.　Payment.　Frauds, Statute of.　Evidence*, Competency.

No statute and no rule of the Superior Court requires that a party filing
　a bill of exceptions in the Superior Court shall mail or deliver a copy
　thereof to the adverse party or to his counsel.
After negotiations between the owner of standing timber and a prospective
　buyer, an oral agreement was made on August 9 and the purchaser
　then handed to the owner a check for $100, an initial payment agreed
　upon, and wrote out a receipt therefor, which included a memorandum
　of the terms of the agreement, and which the owner was "just ready
　to sign" when he said he would like to have his son read it over to see
　if it was all right.　The prospective purchaser agreed to the delay.
　The receipt never was signed.　In October, when a second payment
　came due, the purchaser sent to the owner a check therefor and the
　next day the owner returned to him both checks with a letter containing
　the statement: "My son I have found quite averse to my plan (*your*
　plan) which I approve and thinks that the price is too low for such old
　trees (large trees.)"　In an action by the purchaser against the owner
　for breach of the alleged agreement of sale, it was *held*, that
　　(1) Whether the defendant accepted the check for $100 in part pay-
　ment was a question of fact for determination by the jury in view of all
　the circumstances, including the length of time it was retained by the
　defendant;
　　(2) If it was found that the check was received by the defendant and
　accepted as an absolute payment, it was a sufficient part payment to
　satisfy the requirements of the statute of frauds;
　　(3) It was proper to deny a request by the defendant for a ruling to
　the effect that the defendant's letter could not be construed as an ad-
　mission that he accepted the plaintiff's offer to purchase the standing
　wood and timber.
　　(4) At the trial above described, it was proper to refuse to permit the
　defendant in direct examination by his own counsel to be asked what he
　meant by certain statements contained in his letter above described.
In the action above described, the plaintiff contended and testified that the
　agreement reached between him and the defendant was for a purchase
　price of $2,500, payable, $100 on August 9, 1922, $400 in two months
　from that date, one half of the balance on April 1, 1923, and the other
　half before the timber was cut and that he would cut and remove the
　timber; and that the defendant accepted the offer so made.　The al-
　leged unsigned receipt or memorandum acknowledged receipt of $100 of

a purchase price of $2,500 and provided, "All lot to be cut in one year lumber to be removed in two years I reserve six pine trees to be marked by my man Terms Four Hundred more within sixty day Five Hundred Dollars before any lumber is cut One Half balance before any lumber is removed all before one-half the lumber is moved." The plaintiff contended that the defendant's letter above described, taken with the unsigned receipt, satisfied the statute of frauds. *Held*, that the terms of the contract as recited in the unsigned receipt were materially different from those contained in the oral contract testified to by the plaintiff, so that in any event the statute of frauds would not be satisfied.

CONTRACT for breach of an alleged agreement by the defendant to sell standing timber to the plaintiff. Writ dated October 22, 1923.

In the Superior Court, the action was tried before *Burns*, J. An expert called by the plaintiff, to whose qualifications the defendant did not object, was asked, "What in your opinion was the fair market value of the timber on this lot [the lot referred to was the lot mentioned in the plaintiff's declaration in the action], excluding the trees which were spoken of to be excluded, and I mean by fair market value the price which would be paid by a purchaser willing to buy to a seller wishing to sell?" Subject to exception by the defendant, he was permitted to answer "$3,000."

Other material evidence is described in the opinion. At the close of the evidence, the defendant asked for the following rulings:

"1. If the jury shall find as facts that the plaintiff made an offer to the defendant to buy from her for $2,500 standing wood and timber, that the defendant at once thereafter said that she thought that she would like to sell said standing wood and timber, or words to that effect and then at once sat down, and took a pen, and then immediately said 'I have a son who is a lawyer I must not do anything about it without talking to him,' or words to that effect, such words of the defendant and action on her part would not warrant the jury in finding that there was an acceptance of such offer of the plaintiff.

"2. If the jury shall find that there was an oral agreement between the plaintiff and the defendant for the purchase and sale of standing wood and timber, such agreement would be

a contract to sell goods of the value of more than $500 to which the provisions of G. L. c. 106, § 6, would apply and would not be enforceable by action under the provisions of said section for the reason that the jury would not upon the evidence be warranted in finding that the plaintiff accepted any part of such goods and actually received the same, or gave anything in earnest to bind said contract or in part payment, or that any note or memorandum in writing of said contract was signed by the defendant, the party to be charged, or her agent in that behalf.

"3. If the jury shall find that the defendant did not cash the check for $100 which was put in evidence, and returned the same to the plaintiff, the jury will not be warranted in finding that the defendant accepted said check in part payment.

"4. Upon all the evidence the jury would not be warranted in finding that the defendant accepted the check for $100 which was put in evidence.

"5. Neither the words nor any of the words in the defendant's letter dated October 10, 1922, which are as follows, viz.: 'my plan (*your* plan) which I approved' constitute an admission on the part of the defendant that she accepted the offer made by the plaintiff to her to purchase standing wood and timber.

"6. If the jury shall find that the plan referred to in the letter written by the defendant dated October 10, 1922, was the plan expressed in writing in a paper drawn up by the plaintiff and placed in the possession of the defendant on August 9, 1922, such letter and such paper taken together do not constitute such a memorandum in writing as is referred to in G. L. c. 106, § 6.

"7. If the jury shall find that there was an oral agreement whereby the plaintiff agreed to purchase and the defendant agreed to sell standing wood and timber, it will not be warranted in finding that the plaintiff gave anything in earnest to bind the contract made by such oral agreement.

"8. If the jury shall find that there was an oral agreement whereby the plaintiff agreed to buy and the defendant agreed to sell standing wood and timber, it would not be

warranted in finding that the check for $100 of which there was evidence constituted part payment of the purchase price unless it shall find that the said check for $100, being something other than money was something of value which by mutual agreement was given by the plaintiff and accepted by the defendant on account of or in part satisfaction of the price."

The rulings were refused. The jury found for the plaintiff in the sum of $545.60. The defendant alleged exceptions.

A motion by the plaintiff to dismiss the exceptions, which was denied subject to exception by the plaintiff, is described in the opinion.

*M. G. Rogers,* (*W. F. Barrett* with him,) for the plaintiff.

*E. M. Bennett,* for the defendant.

CROSBY, J. The only question presented by the plaintiff's exceptions is, whether the court erred in denying his motion to dismiss the defendant's exceptions "for the reason that the written notice given to counsel for the plaintiff on the day of the filing of the bill of exceptions in the Superior Court was accompanied only with an unsigned copy of the bill of exceptions and not with a signed copy." G. L. c. 231, § 113, provides that notice of the filing of exceptions must be given to the adverse party. A similar provision is found in Common Law Rule 51 of the Superior Court (1923). The notice so required to be given "shall be in writing." Common Law Rule 27 of the Superior Court (1923). The defendant by her attorney seasonably delivered in hand to the attorney for the plaintiff a letter in which it was recited that the defendant's attorney had filed for her in the action her bill of exceptions, and enclosed a copy thereof. The letter was duly signed by the defendant's attorney, but the copy of the bill of exceptions enclosed was unsigned. There is nothing in the statutes or rules which requires an excepting party to mail or deliver to the adverse party a copy of the bill of exceptions. The act of the defendant in enclosing a copy of the exceptions was wholly unnecessary. The delivery of the letter was full compliance with the requirements of the statute and rules. As the plaintiff's motion was rightly denied, his exceptions must be overruled. *Broomfield* v. *Sheehan,* 190 Mass. 585, and

*Shawmut Commercial Paper Co.* v. *Brigham,* 209 Mass. 199, cited by the plaintiff, are plainly distinguishable in their facts from those in the present case.

The defendant's exceptions relate to the exclusion of evidence, and to the refusal by the trial judge to rule as requested. The action is brought upon an alleged contract, by the terms of which the plaintiff contends that he agreed to buy and the defendant agreed to sell the standing wood and timber on a lot of land owned by the defendant. The defendant pleaded a general denial and the statute of frauds.

The plaintiff testified in substance that on August 9, 1922, he saw the defendant and offered to pay her $2,500 for the wood and timber; that he agreed to pay the same as follows: $100 on August 9, 1922, $400 in two months from that date, one half of the balance on April 1, 1923, and the other half before the timber was cut; and agreed that he would cut and remove it within two years from August 9, 1922; and that the defendant accepted the offer so made. He also testified that, when the contract was entered into, it was agreed that the defendant should reserve from the sale certain trees she did not wish to have cut and would have marked to be left standing. The plaintiff introduced in evidence a receipt or paper, a copy of which is as follows:

"100  $\dfrac{\text{x}}{100}$

> Wayland, Mass.
> Aug. 9, 1922

Rec'd of F. O. Dutton One Hundred and #/100 Dollars on acct of my Chas. Smith Lot at Twenty-five Hundred Dollar   All lot to be cut in one year lumber to be removed in two years   I reserve six pine trees to be marked by my man Terms Four Hundred more within Sixty day Five Hundred Dollars before any lumber is cut One Half balance before any lumber is removed all before one-half the lumber is moved."

This paper never was signed. The plaintiff testified that he wrote it in the presence of the defendant and read it to her, and wrote a check for $100 payable to the defendant and laid it on the table; that "She was just ready to sign the

receipt when she said, 'I would like to have my son read this over to see if it is right.' I said that would be all right, and we left the house." The defendant did not deposit or cash the check, but returned it by mail with a letter to the plaintiff on October 10, 1922. She also enclosed in the letter another check for $400 which had been sent her by the plaintiff for the purpose of making the second payment due on October 10, 1922, under the alleged agreement.

Whether the defendant accepted the check for $100 in part payment was a question of fact for determination by the jury, in view of all the circumstances, including the length of time it was retained by the defendant. If, as the jury could have found, it was received by her and accepted as an absolute payment, it was a sufficient part payment to satisfy the requirements of the statute of frauds. G. L. c. 106, § 6. *Ely* v. *James*, 123 Mass. 36, 44. *Illustrated Card & Novelty Co.* v. *Dolan*, 208 Mass. 53. *Feinberg* v. *Levine*, 237 Mass. 185, 187. *Ansin* v. *Mutual Life Ins. Co. of New York*, 241 Mass. 107, 111. *Poresky* v. *Wood*, 248 Mass. 464, 466.

It follows that the trial judge could not properly give the defendant's second, third, fourth, seventh and eighth requests.

In the letter dated October 10, 1922, written by the defendant to the plaintiff, in which she returned the two checks, she wrote the following: "My son I have found quite averse to my plan (*your* plan) which I approved and thinks that the price is too low for such old trees (large trees.)"

It is the contention of the plaintiff that, if the $100 check was not accepted in part payment of the purchase price, the statement in the letter refers to the receipt in which the terms of the contract were recited, and that the letter, signed by the defendant, in which she refers to the plan, together with the receipt, constitutes a sufficient memorandum to comply with the statute of frauds. The judge submitted to the jury the question whether the parties entered into a contract, and, if they so found, he left it to them to determine whether the recital in the letter respecting the plan referred to the terms of the sale recited in the receipt and delivered by the plaintiff to the defendant.

The memorandum to be enforceable under the statute must express in substance the terms of the oral contract. It is the contention of the defendant that the memorandum is insufficient in that it states terms different from those shown by the evidence as constituting the terms of the oral agreement. The only evidence as to the terms of the oral agreement is found in the testimony of the plaintiff, and it is plain that the recitals in the memorandum differ from the plaintiff's version of the contract in important particulars. The plaintiff testified that he told the defendant he would give her "$100 that day and $400 in two months and half the balance the first of April, and the other half before the lumber was cut"; and that the defendant said this was satisfactory. The receipt or paper which it is alleged constitutes the memorandum states in substance that $100 was to be paid down, $400 more within sixty days, $500 before any lumber was cut, one half the balance before any lumber was removed and all before one half was removed; and all the lumber was to be cut within one year and removed within two years. Another material variation is that under the oral agreement the entire price was to be paid before any lumber was to be cut, while in the memorandum $1,000 was to be paid before any lumber was to be cut. It is manifest upon the undisputed testimony of the plaintiff that the terms of the contract as recited in the memorandum are materially different from those contained in the oral contract. The writing does not show that the defendant entered into the contract testified to by the plaintiff as having been made orally. It follows that the memorandum is insufficient and the defendant's sixth request in substance should have been given. *Williams* v. *Smith*, 161 Mass. 248. *Lawrence* v. *Rosenberg*, 238 Mass. 138. See *Williams* v. *Bacon*, 2 Gray, 387. *Schmoll Fils & Co. Inc.* v. *Wheeler*, 242 Mass. 464, 470.

The exceptions to the exclusion of questions put to the defendant in direct examination as to what she meant respecting certain statements made in the letter of October 10, 1922, and whether she meant to accept the check for $100 or ever did accept it, must be overruled. She was not entitled to state her undisclosed purpose in writing the letter; it was

to be construed in accordance with the natural and usual interpretation of the words used. If the fair import of the letter and the defendant's conduct were that she accepted the check, her secret intention not to do so was immaterial. *Bohn Manuf. Co.* v. *Sawyer*, 169 Mass. 477, 482.

The exceptions to the admission of testimony relating to damages need not be considered in view of the conclusion reached, although we perceive no error in the admission of such testimony.

The defendant's first request, which asked for a ruling on a portion of the evidence, was rightly denied. *Lakeside Manuf. Co.* v. *Worcester*, 186 Mass. 552. *O'Brien* v. *Shea,* 208 Mass. 528, 533. The fifth request, to the effect that the defendant's letter could not be construed as an admission that she accepted the plaintiff's offer to purchase the standing wood and timber, rightly was denied.

As the defendant's sixth request in substance should have been given, the entry must be

*Exceptions sustained.*