266 So.2d 896

**PORT CITY CONSTRUCTION CO., INC.**

**v.**

**Allen HENDERSON, d/b/a Henderson Ready Mix Concrete Co.**

**3 Div. 48.**

Court of Civil Appeals of Alabama.

Sept. 20, 1972.

Joseph J. Boswell, Mobile, for appellant.

Tucker & Brogden, Atmore, for appellee.

WRIGHT, Presiding Judge.

Suit containing two counts ex contractu was filed by Allen Henderson against Port City Construction Company, Inc. in the Circuit Court of Escambia County. The case was tried without a jury and judgment rendered by the court on January 5, 1972, in favor of plaintiff. Damage was awarded in the sum of $2500. Defendant appeals.

The alleged contract upon which suit was based was evidenced by a writing drawn between the parties after discussion at the home of plaintiff. There is no contention as to the capacity or authority of the signers of the writing. This writing, was as follows:

"PLAINTIFF'S EXHIBIT 1.

Phone Cypress 6–3452 P. O. Box 301
 or Cypress 6–2515

HENDERSON READY MIX
CONCRETE CO

Wholesale Building Supplies

FLOMATON, Alabama,

December 21, 1970.

Port City Construction Company
 Mobile, Alabama

Gentlemen:

I agree to furnish all concrete for slab 2500# PSI @ $14.00 per cu. yd. and 3000# PSI @ $14.90, and to furnish all labor to pour and finish @ $.05 per sq. ft. (Labor only)

All finishing tools will be furnished by us.

All grading, forms, polyethylene, wire mesh and expansion joints to be set and furnished by Port City Construction Company at their expense. It is further understood and agreed that Port City Construction Company will leave sufficient entrance and roadway for concrete trucks to go under their own power to point of unloading.

Yours truly,

HENDERSON READY MIX CONCRETE CO.

BY: Allen Henderson"

"Accepted by Port City Construction Company

BY: B. G. QUINLEY"

During the trial and after the introduction of the writing, certain questions and answers were allowed over objection as to facts and circumstances surrounding the matter contained in the writing. Appellant assigns error separately to three questions asked the plaintiff on direct examination. Argument in brief is joint as to all three assignments of error.

The three questions were as follows:

"Q.. Who told you the type of cement required for the foundation?

"Q. Who told you the depth of the concrete to be poured on the foundation?

"Q. Based on your information and your experience in the concrete business, and the information that you gathered from Mr. Quinley, how many yards of concrete-cubic yards would have been required to complete the job at the minimum depth required that you got from Mr. Quinley?"

The objection of appellant to these questions was that they were in violation of a parol evidence rule and were "attempts to add in terms not in the instrument itself." As authority for its objection, appellant offered Title 7, Section 202 and quoted this authority into the record.

Examination of the authority quoted indicates it to be Title 7A, Section 2–202, a section from the Uniform Commercial Code as adopted by the legislature of this State. The portion of Section 2–202 quoted by appellant in the record was as follows:

"Terms with respect to which the confirmatory memoranda or the parties agree or which are otherwise set forth in a writing intended by the parties as a final expression of their agreement with respect to such terms as are included therein may not be contradicted by evidence of any prior agreement or of a contemporaneous oral agreement but may be explained or supplemented . . . ."

The additional portion of Section 2–202 following that quoted to the court appears as follows:

"(a) By course of dealing or usage of trade (section 1–205) or by course of performance (section 2–208); and

"(b) By evidence of consistent additional terms unless the court finds the writing to have been intended also as a complete and exclusive statement of the terms of the agreement."

■ In beginning our discussion, we first observe that the contract or agreement upon which suit was brought is in essence a contract for sale, though including an agreement for work and labor, as defined by Title 7A, Section 2–106 of the Code. Thus it is subject to be considered and to be controlled by the applicable provisions of the Uniform Commercial Code as adopted in this State.

■ The provisions of Section 2–202 quoted above do not depart from the law of contracts as it existed prior to the adoption of the Commercial Code. The rule that when construing a written contract which is ambiguous, incomplete or uncertain as to all of the intentions of the parties, the court may consider extrinsic parol evidence

as to surrounding matters and circumstances, including additional terms not included in the writing, in order to determine the actual intent of the parties to the agreement. Scheuer v. Wise, 213 Ala. 329, 104 So. 831; Pacific Ins. Co. v. Wilbanks, 283 Ala. 1, 214 So.2d 279; Air Conditioning Engineers Inc. v. Small, 259 Ala. 171, 65 So.2d 698. Section 2–202(b) of the Commercial Code is but a certification of the existing law of contract and of the exception to the parol evidence rule.

It is appellant's argument that because on voir dire examination, the plaintiff in response to questions stated that the writing contained all of the terms agreed upon, that the court was thus bound to prohibit parol evidence of "consistent additional terms." We cannot agree that such statement by the plaintiff bound the court. It was only a matter for the court's consideration, along with its consideration of the writing, in determining if it was a "complete and exclusive statement of the terms of the agreement." It is the duty of the court to determine whether a contract is clear and certain or is ambiguous and uncertain but may be aided by evidence aliunde. Foster & Creighton Co. v. Box, 259 Ala. 474, 66 So.2d 746; Air Conditioning Engineers v. Small, supra.

An examination of the writing clearly indicates that it is not clear and certain in all of its terms. The place and time of performance is not included. The specific quantity and total consideration are not shown. Regardless of the statement of the plaintiff the court could see for itself that the writing did not contain sufficient information to convey the full intent of the parties and that additional evidence, if available, was necessary to supply information for proper construction. Our consideration of these assignments of error assumes the contract not void for uncertainty. This proposition will be considered under another assignment.

The questions objected to by appellant appear to solicit information concerning surrounding facts and circumstances of the negotiation of the contract and additional consistent terms reached which do not appear therein. They do not appear to request information which would be contrary to or inconsistent with the terms and conditions of the writing. The court, having decided that the writing was ambiguous, lacking in clarity and did not include all of the terms necessary for construction, was not in error in allowing parol evidence of consistent additional terms and of the facts and circumstances surrounding the creation of the agreement. 17 ALR3d 1010–1061.

Appellant filed to the complaint a plea that the agreement averred in the complaint is not enforceable because it does not conform with the requirements of Title 7A, Section 2–201 of the Commercial Code.

Section 2–201 is the statute of frauds relating to commercial transactions and as pertinent appears as follows:

"(1) Except as otherwise provided in this section a contract for the sale of goods for the price of $500 or more is not enforceable by way of action or defense unless there is some writing sufficient to indicate that a contract for sale has been made between the parties and signed by the party against whom enforcement is sought . . . [a] writing is not insufficient because it omits or incorrectly states a term agreed upon but the contract is not enforceable under this paragraph beyond the quantity of goods shown in such writing. . . . "

Appellant concedes in argument that the writing is sufficient to indicate a sale of goods and it is signed by the party sought to be charged. However, it submits that there is no memorandum of quantity; that the phrase "I agree to furnish all concrete for slab" is insufficient as a description of quantity to satisfy the requirements of the statute.

**644**

The writing required by the statute of frauds is for the purpose of preventing fraud and perjury in actions brought on substantial contracts. The writing or memorandum need not be the contract, but must be produced as evidence to prove the making of a contract. The more complete the writing the less opportunity for false testimony and the more certain the court can be in finding the intent of the parties.

It is clear in comparing the provisions of Section 2–201 and those of former Title 57, Section 10, which latter statute was repealed by enactment of the Commercial Code, that it was the purpose of the legislature to liberalize the requirements of the writing. The former section required the writing to contain all the essential terms of the agreement. Dutton v. Bennett, 256 Mass. 397, 152 N.E. 621. The official comment under Section 2–201 says: "The required writing need not contain all the material terms of the contract and such material terms as are stated need not be precisely stated. All that is required is that the writing afford a basis for believing that the offered oral evidence rests on a real transaction."

We think the term "all the concrete for slab" is a requirement quantity and is sufficient designation to satisfy the statute when it may be made certain by parol evidence of the surrounding circumstances. The slab referred to was capable of being identified with reasonable certainty as was the location and dimensions. Section 2–201 must be considered in para materia with Section 2–306, which contains the following: "(1) A term which measures the quantity by the output of the seller or the requirements of the buyer means such actual output or requirements as may occur in good faith . . ."

The term used was in effect that the quantity of concrete to be delivered and poured was that which was required for the slab. There could be little question of the quantity involved had "the slab" been identified in the writing. The parol evidence ultimately produced undisputedly indicated the location and identity of the slab referred to.

Appellant cites the case of Sloss-Sheffield Steel & Iron Co. v. Payne, 186 Ala. 341, 64 So. 617, as authority for the insufficiency of the use of the word "all" as descriptive of quantity. In that case the use of the term "all of the outcrop" in the complaint was held to be subject to demurrer as too indefinite. The gist of the holding was the fault in the use of the term "outcrop" which was the subject of the agreement. It was stated that the limits of the "outcrop" could not be determined. It was not the use of the word all which was condemned. We would venture to say that had the agreement stated all of the outcrop required to fill the buyer's need, the definiteness would have been sufficient. We have here a quantity—"all." We have a definite identifiable subject—concrete. We have a requirement—a slab. The dimensions of the slab in the minds of the parties are capable of being properly supplied by evidence aliunde or in pais. The calculation of the sum of "all" is thus easily supplied.

It has been said that contracts will, if possible, be so construed as to render them enforceable rather than void for uncertainty. American Tie & Timber Co. v. Naylor Lumber Co., 190 Ala. 319, 67 So. 246; Smith v. Chickamauga Cedar Co., 263 Ala. 245, 82 So.2d 200.

Appellant assigns as error the overruling of its demurrer to each count of the complaint, separately and severally. It contends that the allegations of the complaint as to the terms of the contract are so indefinite and vague that it is impossible to determine the terms of the alleged agreement.

Though we have in consideration of other assignments of error held the writing introduced by appellee to be sufficient as against a plea that it is unenforceable be-

cause in violation of the statute of frauds, and have further held that the trial court did not err in allowing parol evidence to supply additional consistent terms of the contract, we now find ourselves in agreement with appellant that the allegations of neither count of the complaint are legally sufficient to state a cause of action on a contract.

 Sufficient pleading of a contract must precede proof. Subsequent proof of a valid and enforceable contract cannot supply the failure of pleading. Though a contract may be pleaded by stating its substance and legal effect, or in haec verba, all material elements should be stated with certainty to a common intent. Broyles v. Brown Engineering Co., 275 Ala. 35, 151 So.2d 767, and cases cited therein.

 Without setting out here the allegations of count one, we consider it sufficient to say that none of the material elements of the contract are set out. There is neither time, quantity or consideration alleged. It is totally insufficient to inform as to the material elements of the alleged contract nor provide a measure of damages for the alleged breach.

Count two of the complaint, though containing in haec verba the writing signed by the parties, such writing, though sufficient as a memorandum of the contract as against the statute of frauds, clearly is not all of the contract and is insufficient of itself to show all of the material elements of the contract sought to be enforced.

Had it been determined that the agreement between the parties was no more extensive than the matters contained in the writing, the contract would have been so indefinite and uncertain as to be void.

The pleader in this case did not have to set out the writing haec verba, but he did and relied on it as stating an enforceable contract in and of itself. It does not do so.

The case of Sloss-Sheffield Steel & Iron Co. v. Payne, supra, contains the following appropriate observation:

> "The pleader did not undertake, in any degree, to set boundary to the subject-matter of the engagement attempted by the parties. He did not assume to interpret the description of subject-matter in respect of the quantity or area of ore comprehended in the terms used. He was content to leave the subject-matter no more particularly described than the expression 'all the outcrop' of certain seams would afford . . . Evidence cannot furnish a sufficient substitute for allegations in such cases. Allegations must precede, and, preceding, invite evidence."

As a substitute for pleading, the writing in this case, not being the complete agreement, is insufficient as an allegation thereof. The dimensions of the slab or the quantity of concrete to be poured and finished was a material part of the contract, without which there was no criteria for assessing damages. Elmore, Quillian & Co. v. Parish Bros., 170 Ala. 499, 54 So. 203.

 Appellant's assignments of error 15, 16 and 17 are addressed to the overruling of its objections to three questions soliciting information as to damages. The questions related to amount of profit that would have been made by appellee in various phases of the contract had it been executed.

Argument on these assignments does not relate to the propriety of the question or admissibility of the answers, but is directed to the insufficiency of the total proof on the issue of damages. We do not consider argument to support the matters assigned. They are thus to be considered waived under Supreme Court Rule 9.

Though the question of whether loss of profits as a measure of damages is proper in this case has not been properly presented by assignment of error and argument in brief, for assistance in event of another trial, we make certain observations.

It would appear that the following sections of Title 7A of the Code would be applicable. Section 2–610, Section 2–703 and Section 2–708. We would further observe that it has been the rule in Alabama long before the Commercial Code that a party not in default is, in case of a breach of contract due to the fault or omission of the other party, entitled to recover profits which would have resulted to him from performance. In order to recover profits, they must be the natural or direct result of the breach and must be capable of ascertainment with reasonable certainty. They cannot be remote, speculative or conjectural. Paris v. Buckner Feed Mill, Inc., 279 Ala. 148, 182 So.2d 880; Brigham & Co. v. Carlisle, 78 Ala. 243, 56 Am.Rep. 28.

For the overruling of appellant's demurrer, this cause must be reversed and remanded.

Reversed and remanded.

BRADLEY and HOLMES, JJ., concur.