329 So.2d 103

**James W. REDMOND and Juanita Redmond, husband and wife**

v.

**Odell ROBINSON.**

**Civ. 689.**

Court of Civil Appeals of Alabama.

Dec. 31, 1975.

Rehearing Denied Feb. 11, 1976.

William D. Melton, Evergreen, for appellants.

**414**

Owen & Ball, Bay Minette, for appellee.

BRADLEY, Judge.

Plaintiffs here are the buyers of a house in Baldwin County. The trial court sitting without a jury awarded them $214.21 as the amount they overpaid the seller. Plaintiffs appeal the award as inadequate.

The evidence shows that the buyers entered into a written contract to purchase the house from defendant for $18,000. The terms of the written agreement provided that the buyers would be charged rent at the rate of $100 per month from the date of possession to the day of closing the sale. The contract also provided that the "$18,000 + accumulated rent + any other expenses incurred in this sale . . ." would be payable in one lump sum at the closing. The contract made no mention of interest payments.

The buyers went into possession of the premises two or three days after signing the contract (sometime in November 1973) and lived there until the closing of the sale on January 31, 1975, about fourteen months later. On closing, they paid the vendor $21,316.05. According to the buyers, this sum included $2,027.80 of interest wrongfully charged by the seller. Buyers filed a complaint with counts alleging breach of contract, money had and received, and payment of money by mistake.

It is apparent from the arguments in their brief that buyers misapprehend the basis on which the seller charged the additional amount. Buyer apparently thought that defendant was trying to wrongfully assess interest on the $18,000 price stated in the sale contract. To the contrary, however, the record shows that the seller claimed the disputed money as reimbursement for interest he had already paid on a construction loan taken out to obtain funds to build the house. Throughout this suit it has been seller's

contention that this amount is payable by the buyer since it constitutes an "expense incurred in the sale." The record also indicates that the trial court correctly viewed the question before it as one involving the construction of that ambiguous contractual provision.

At trial, plaintiff, James W. Redmond, testified that defendant was owed $18,000 for the house and $1,400 for rent, making the total amount owed $19,400. He denied owing any interest.

Mr. Ronald Ingram, an employee of First National Bank of Bay Minette, testified that he overheard a telephone conversation between James W. Redmond and Odell Robinson, and after the conversation Redmond told him to pay the interest on the construction loan during the period of occupancy prior to closing.

Seller, Odell Robinson, testified that the sale price for the house and lot was $18,-000; that the buyers would be placed in possession upon their signing the purchase agreement; and that they would be charged rent at the rate of $100 per month until the sale was closed. He also stated that the parties agreed that he would be paid the interest from the day of occupancy to the day of closing on the construction loan he had obtained to build the house. He further testified that this interest payment was rightfully considered to be ". . . other expenses incurred in this sale." Seller also testified that, on the day of closing, Mr. Redmond had agreed to pay the interest if several things were done to the house in addition to what had already been done.

At the end of the hearing the court stated to the assemblage that, in its opinion, the payment of interest by Mr. Redmond was part of the expenses of the sale, but that Mr. Redmond was entitled to recover from defendant $214.21, this being based on the $1,400 figure.

The buyers' first argument for reversal is directed at the admission of certain testimony over his objections that the answers elicited were parol evidence.

The questions to which the objections were made sought to demonstrate a meaning or interpretation of that provision in the written agreement which authorized the payment of ". . . any other expenses incurred in this sale." The trial court has the duty to determine whether a contract is clear and uncertain or is ambiguous and, therefore, subject to being aided by evidence outside the written instrument. *Port City Construction Co. v. Henderson*, 48 Ala.App. 639, 266 So.2d 896. In overruling the objections, the trial court indicated that it was allowing the testimony because the above provision's meaning was uncertain. We conclude that the trial court ruled correctly. The provision in question is ambiguous and subject to several possible meanings.

Buyers' other argument is that the judgment is contrary to the law relating to the charging of interest. We feel that the cases they cite are inapposite to the situation before us. Where the word "expenses" appears in a contract without qualification, we see no theoretical obstacle to interpreting it to include the exact amount of interest obligations incurred by one party in obtaining funds necessary to complete the contract. "Interest, like taxes, is ordinarily an expense rather than an investment," *Alabama Power Co. v. Federal Power Commission*, 134 F.2d 602 (5th Cir. 1943). Thus, it would appear that a provision providing for payment of a vendor's "expenses" would properly encompass those legitimate debts which, as distinct from investments, the vendor incurs without contemplation of earning a profit or return thereon. On the other hand, where a so-called expense payment contains a premium charge over and above the amount the vendor was actually obligated to repay, there is nothing to support the additional charge except the vendor's advancement of his money, or credit toward completing the

contract, and the difference would not be an "expense", but an additional return on the vendor's investment, *Harmon v. Lehman, Durr & Co.*, 85 Ala. 379, 5 So. 197. In the present case the evidence tended to show that the lender-defendant charged only the exact amount of interest he was himself obligated to pay. This, we feel, could be called an expense.

Moreover, we find no error in the trial court's conclusion that this was an expense the buyers bound themselves to pay at closing.

The testimony of two of the three witnesses heard was to the effect that the interest on the construction loan from the day of occupancy to the day of closing was to be payable by plaintiffs as part of the expenses of the sale. We consider this evidence to be sufficient to support the court's conclusion that the interest on the construction money for the period testified to by the witnesses was a part of the expenses of the sale and therefore authorized by the terms of the written agreement made the basis of this action. This construction of the contract made by the parties eliminates any question as to whether interest was or was not rightfully charged on any aspect of the transaction in question.

We find no error in the rulings of the trial court prejudicial to the substantial interests of plaintiffs, and its judgment is affirmed.

Affirmed.

WRIGHT, P. J., and HOLMES, J., concur.