Defendant Gulf Coast Fabricators, Inc. (GCF), appeals from a judgment in favor of plaintiff G.M. Mosley, General Contractors, Inc. (Mosley), in an action for breach of contract. We affirm.
In March 1980, Mosley, an industrial construction firm, entered into an oral agreement with GCF to construct a one hundred foot addition to GCF's existing plant facilities. Mosley also agreed to perform all necessary slab and foundation work for the new building.
GCF's existing structure was a prefabricated building manufactured and sold by VARCO-PRUDEN. Mosley informed GCF that the new building, a prefabricated steel structure manufactured and sold by PASCOE Steel Corporation, would not be identical to the VARCO-PRUDEN building in every detail, but would be of similar size and strength so as to permit the defendant's two fifteen-ton overhead cranes to operate from building to building. The primary design difference between the PASCOE building supplied by Mosley and GCF's existing VARCO-PRUDEN building is in the crane support system. GCF's existing building has two separate columns, whereas the new PASCOE building has one column with a triangular support bracket welded to it. Additionally, the existing VARCO-PRUDEN building has four anchor bolts per column while the PASCOE building has only two bolts.
GCF instructed Mosley to proceed with construction of the new building and agreed to make progress payments to Mosley as follows:
(1) payment for the concrete slab upon completion of all slab and foundation work, including authorized additions;
(2) payment for cost of building materials upon delivery of the materials to GCF's plant; and
(3) payment of the balance of the contract upon completion of the building.
The contract price for slab and foundation work was $20,714.00; cost of the building materials was $46,031.00, and a balance of $8,537.00 was due upon completion of the building. Total consideration for the contract was $75,282.00.
Mosley completed the slab and foundation work in late April 1980, but was not paid at that time. Nor was it paid when the building materials were delivered to GCF's plant on May 2, 1980. In late May 1980, GCF informed Mosley that, if Mosley wished to receive payment and proceed with the job, additional crane supports would have to be designed and constructed into the building at no extra cost. Mosley submitted a new proposal incorporating additional crane columns at an additional cost of $14,000.00, although they were unnecessary to meet GCF's load requirements and would have given the building twice the load capacity *Page 38 
of the existing VARCO-PRUDEN building. GCF was unwilling to pay the extra cost and the additional supports were never delivered. It is undisputed that GCF has never made any payments on the contract.
Mosley filed suit against GCF in October 1980, seeking recovery for breach of contract and for work and labor done. GCF, in its answer, claimed that the labor and materials supplied by Mosley did not conform to the contract made the basis of plaintiff's suit. GCF also counterclaimed against Mosley for the cost of storing the building materials left at GCF's plant site.
At trial, many facts were in dispute, and much of the testimony conflicted. The trial court, sitting without a jury, rendered a judgment in favor of Mosley in the amount of $62,745.00 on the original complaint and also rendered judgment in favor of Mosley on GCF's counterclaim for storage costs. The trial court credited GCF with an amount expended on slab modifications done by a firm other than Mosley shortly before trial of the case, and GCF admits it owes Mosley the remaining balance due on the slab. GCF's post-trial motions were denied, and this appeal followed.
In its brief, GCF relies on the provisions of Article 2 of the Uniform Commercial Code to support its contention that it properly rejected Mosley's building materials as non-conforming and that it is entitled to storage costs for those same materials.
GCF contends that the sale and erection of the PASCOE prefabricated building made the basis of this action falls within the definition of a "good" under § 7-2-105, Code 1975. GCF further argues that a contract or agreement which is in essence a contract for sale, although including an agreement for work and labor, is subject to the applicable provisions of the Uniform Commercial Code, as adopted by this state. See,Port City Constr. Co. v. Henderson, 48 Ala. App. 639,266 So.2d 896 (1972). We agree that the prefabricated building is a "good" under Article 2 of the U.C.C., but we do not agree that the U.C.C. gives the buyer an absolute and unqualified right to reject it.
A buyer may reject delivery of goods only if either "the goods or the tender of delivery fail in any respect to conform to the contract." § 7-2-601, Code 1975. In the present case, GCF does not claim the tender was inadequate. Rather, GCF contends that the materials for the new building did not conform to its existing building. Specifically, the appellant claims that the crane support system incorporated into the PASCOE prefabricated building was inadequate to allow the movement of two fifteen-ton overhead cranes into the new building. GCF mistakenly argues that the language of § 7-2-601
gives the buyer the right to reject if the goods fail to conform in any respect. The dispositive question, however, is not whether the new building conforms to the existing building, but whether it conforms to the contract.
Goods are deemed to conform to the contract "when they are in accordance with the obligations under the contract." § 7-2-106
(2), Code 1975. The evidence shows that GCF, by and through its president, Buddy Lowe, entered into an oral contract with G.M. Mosley, president of the plaintiff corporation, for construction of the new building. Mr. Mosley informed Lowe that the new PASCOE building would not be identical to the existing VARCO-PRUDEN building in every detail, and Lowe testified that the only requirement he made concerning the type building desired was that the new building be the same strength as GCF's existing structure. Mr. Mosley subsequently obtained the specifications for a building one hundred feet long and of similar width, height, and strength to the VARCO-PRUDEN building, and placed an order for a prefabricated steel building with PASCOE.
Shortly after the building materials were delivered to GCF's plant site, Lowe informed Mosley that he was rejecting them on the ground that the overhead crane beams appeared to be insufficient to carry the weight of the two cranes. Lowe, lacking any formal education as an engineer, based his rejection of the building materials solely on his personal observation. Lowe *Page 39 
failed to offer any other evidence to support his claim that the building materials did not meet GCF's structural requirements. However, Jack Pope, a licensed structural engineer responsible for the design of the PASCOE building in question, testified that he furnished Lowe certified drawings and calculations showing that the PASCOE building was adequately designed and met all applicable building code requirements, and, further, that the PASCOE building was the same strength as the VARCO-PRUDEN building, and would permit efficient functioning of the crane system between the two buildings.
The question of whether the building materials delivered by Mosley are the same strength as GCF's existing structure, and thereby satisfy the obligations under the oral agreement entered into by the parties, is purely one of fact. We hold that the trial court, based on the evidence before it, was justified in concluding that the PASCOE building materials did in fact meet the size and strength requirements of GCF and, therefore, conformed to the contract. As such, GCF's wrongful rejection of conforming goods constitutes a breach of contract for which damages are recoverable.
GCF also argues that the trial court erred in determining the amount of damages recoverable by Mosley. We disagree. The total contract price was $75,282, and it is undisputed that GCF has never made any payments on the contract. The trial court, having found GCF liable for breach of the contract, awarded Mosley $62,745; the trial court apparently credited GCF with an amount it spent on subsequent slab modifications made necessary by heavy rainfalls that washed away the supporting soil. The trial court's judgment does not include an express finding of facts.
On appeal from a judgment entered without any specific findings of fact, we assume that the trial court's judgment is based upon facts appearing in the record. The evidence below clearly supports the judgment of the court. We are, therefore, compelled to affirm. Thomas v. Davis, 410 So.2d 889 (Ala. 1982); O'Connor v. Rabren, 373 So.2d 302 (Ala. 1979).
This case was tried without a jury. Conflicting evidence was taken orally, through numerous exhibits and also by the admission of relevant parts of the deposition of Buddy Lowe. It is well settled that:
 "When a trial court makes findings of fact based on evidence presented ore tenus, those findings of fact will not be disturbed on appeal unless clearly erroneous or manifestly unjust, and this rule is especially applicable in cases in which the trial court makes its findings of fact after hearing conflicting evidence; every presumption will be indulged in favor of the court's findings, and those findings will not be disturbed unless palpably wrong. Leslie v. Pine Crest Homes, Inc., 388 So.2d 178
(Ala. 1980)."
The judgment of the trial court is affirmed.
AFFIRMED.
TORBERT, C.J., and MADDOX, JONES and BEATTY, JJ., concur.