**Herman SCOTT, Plaintiff,**

v.

**DIXIE HOMECRAFTERS, Defendant.**

**No. CIV. A. 00–D–134–E.**

United States District Court,
M.D. Alabama,
Eastern Division.

Dec. 27, 2000.

Jimmy L. DeBardelaben, Milton J. Westry, DeBardelaben, Norwood & Westry, PC, Montgomery, AL, for Plaintiffs.

Peter S. Fruin, Robert Emmett Poundstone, IV, Maynard, Cooper & Gale, P.C., Montgomery, AL, for Defendants.

David J. Parton, Chamblee, GA, pro se.

### MEMORANDUM OPINION AND ORDER

DE MENT, District Judge.

Before the court is Defendant Dixie Homecrafters' Motion For Summary Judgment, which was filed October 23, 2000 along with a supporting brief. Plaintiff filed a Response on November 13, and Defendant issued a Reply on November 20. After careful consideration of the arguments of counsel, the relevant law, and the record as a whole, the court finds that Defendant's Motion is due to be granted in part and denied in part.

### I. JURISDICTION AND VENUE

The court exercises subject matter jurisdiction over these claims pursuant to 28 U.S.C. § 1332 (diversity jurisdiction). The parties do not contest personal jurisdiction or venue.

### II. SUMMARY JUDGMENT STANDARD

The court construes the evidence and makes factual inferences in the light most favorable to the nonmoving party. *See Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986);

*Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 157, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970). Summary judgment is entered only if it is shown "that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). At this juncture, the court does not "weigh the evidence and determine the truth of the matter," but solely "determine[s] whether there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249–50, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986) (citations omitted).

This determination involves applying substantive law to the substantive facts that have been developed. A dispute about a material fact is genuine if a reasonable jury could return a verdict for the nonmoving party, based on the applicable law in relation to the evidence presented. *See id.* at 248, 106 S.Ct. 2505; *Barfield v. Brierton,* 883 F.2d 923, 933 (11th Cir.1989). The moving party bears the initial burden of establishing the absence of a genuine issue of material fact. *See Celotex,* 477 U.S. at 323, 106 S.Ct. 2548. The burden then shifts to the non-moving party, which must designate specific facts remaining for trial and "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Industrial Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). An action will be dismissed when the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party. *See id.* at 587, 106 S.Ct. 1348.

### III. FACTUAL BACKGROUND

Plaintiff Herman Scott[1] entered into a contract with Defendant Dixie Homecrafters[2] for the purchase and installation of vinyl siding on Plaintiff's home. Defendant sent a work crew to Plaintiff's home, and the work was speedily completed. Plaintiff almost immediately noticed prob-

---

1. "Plaintiff" or "Scott."

2. "Defendant" or "Dixie Homecrafters."

lems with the siding. He contacted Defendant, and it dispatched another work crew to Plaintiff's home. While the crew was in transit, Plaintiff called Defendant and notified one of its employees that their services were no longer welcome. (Howe's Dep. at 49; Scott's Dep. at 40–41.) On more than one occasion, Defendant offered to redo the job, but Plaintiff demurred. (Mot. at 7.) Plaintiff never paid Defendant for any of the work performed. (Scott's Dep. at 69, 82.) Instead, he got an estimate from a different company and filed this lawsuit in Alabama state court. (Resp. at 3.)[3] Plaintiff alleges breach of contract, negligent infliction of emotional distress, and two counts of fraud. His case was removed to federal court on the basis of diversity.

## IV. DISCUSSION

### A. *Breach of Contract*

■ The court first turns to Plaintiff's breach of contract claim. As a general rule, the Alabama Commercial Code applies to contracts for the sale of goods that also involve the ancillary provision of services related to those goods. In other words, if the contract is predominately for goods, with the incidental provision of labor and services, then the Code governs. *See, e.g., Gulf Coast Fabricators, Inc. v. Mosley,* 439 So.2d 36, 38 (1983) (applying commercial code to contract for sale and ancillary construction of prefabricated building); *Port City Constr. Co. v. Henderson,* 48 Ala.App. 639, 266 So.2d 896, 899 (1972) (same for sale and ancillary pouring of concrete).[4] In this case, the court finds that the contract primarily was for the sale of vinyl siding, which is a "good" as defined by Alabama law. *See* ALA. CODE § 7–2–105 (1975). Therefore, the Alabama Commercial Code applies.

3. Plaintiff's Response is unnumbered. This material is found at what should have been numbered as page three.

4. At the other end of the spectrum might be a contract for the painting of a portrait. In

■ In this case, the court finds that Plaintiff has suffered no cognizable contractual damages. The contract between Plaintiff and Defendant limited Plaintiff's recovery to Plaintiff's out of pocket expenses. (Def.Ex. 2.) Alabama law permits a seller of goods to limit the buyer's redress for breach of warranty, except in circumstances when the warranty fails of its essential purpose. *See Shutter Shop, Inc. v. Amersham Corp.,* 114 F.Supp.2d 1218, 1232 (M.D.Ala.2000) (applying ALA. CODE § 7–2–719 (1975)). The damages limitation must not be inconspicuously placed; it should be reasonably calculated to alert the seller of its existence. *See id.*

■ In this case, the court finds that Dixie Homecrafters' damages limitation was reasonable. It was written in standard font on the first page of the contract. Thus, it is enforceable. *See id.; Kennedy Elec. Co. v. Moore–Handley, Inc.,* 437 So.2d 76, 81 (Ala.1983) ("[t]he construction of a written document is a function of the court.") It is undisputed that Plaintiff has not paid Defendant for any of the work performed. Thus, it is undisputed that Plaintiff suffered no contractual damages. Therefore, based on the foregoing, Defendant's motion for summary judgment on the contract claim is due to be granted.

### B. *Misrepresentation*

The court turns to Plaintiff's tort law claims, and finds that summary judgment is due to be granted on Counts Three and Four but denied on Count One.

#### 1. *Count One*

In Count One, Plaintiff alleges that Defendant or its agents intentionally misrepresented "that they were experts in the installation of vinyl siding, that they would satisfactorily perform all of the items specified in the contract . . . and that they were licensed to do business in the State of

such a situation, the artist's labor would be the primary subject of the contract, for without the services, the "good" could not come into being. Thus, the portrait is a mere outgrowth of a contract for labor.

Alabama." (Compl.¶ 11.) Defendant also stated that it would send a "professional" work crew to install the siding on Plaintiff's home. (Scott's Dep. at 22, 32–33.)

As a general rule, a prima facie case of misrepresentation requires a showing of: (1) a false representation of material fact; (2) which is relied upon by the plaintiff; (3) to the plaintiff's detriment. *See Goodyear Tire & Rubber Co. v. Washington,* 719 So.2d 774, 776 (1998). "Reliance must be reasonable, and if the circumstances are such that a reasonably prudent person who exercised ordinary care would have discovered the true facts, the plaintiff[ ] should not recover." *Shutter Shop,* 114 F.Supp.2d at 1218 (internal citation omitted). Moreover, to the extent that Plaintiff alleges a misrepresentation related to future actions, Plaintiff must also show that Defendant: (1) intended to deceive him; and (2) intended not to perform the promised act at the time of the misrepresentation. *See Upton v. Drummond Co.,* 762 So.2d 373, 376 (2000).

The court finds sufficient evidence for a jury to find in Plaintiff's favor. Although Defendant informed Plaintiff that it would send "professional people" to work, it sent one person who was still in training and another who had been in the business for only a month. (Scott's Dep. at 22, 32–33.) Because Defendant stated that it would send "professionals," the court finds that a jury could conclude that Defendant factually represented that the workers would have at least minimal work experience, certainly beyond the level of trainee.

The court also finds that Plaintiff could have reasonably relied upon this misrepresentation, given that "[m]erchants are held to the highest of ethical standards." *Shutter Shop,* 114 F.Supp.2d at 1228 (citing ALA. CODE § 7–1–201(19) (1975)); *see also*

*Federal Savings & Loan Ins. Corp. v. Haralson,* 813 F.2d 370, 375 (11th Cir. 1987) (questions of reasonable reliance and factual representation should be left to the jury) (applying Alabama law).

In so finding, the court acknowledges that there is a fine line between mere expressions of opinion and concrete statements of fact. A plaintiff who relies on loose statements made by sellers commending their products or abilities does so at his own peril. *See Shutter Shop,* 114 F.Supp.2d at 1229 (citing W. PAGE KEETON ET AL., PROSSER AND KEETON ON THE LAW OF TORTS § 109, at 756 (5th ed.1984)); *see also id.* at 1228–29 (no fraud to state that magnets were "just as good or supposed to be just as good" as others); *Hughes v. Hertz Corp.,* 670 So.2d 882, 885 (1995) (same for statement that automobile was a "fine" car); *Lucky Manufacuring Co. v. Activation, Inc.,* 406 So.2d 900, 905 (1981) (same for statement that water pump was "as good or better" than a competitor's). The principle underlying *Hughes, Lucky,* and *Shutter Shop* is that a seller's general claims that its product or service is "better" than another—or even "the best"— simply are not misrepresentations of material fact. The seller is merely boasting or expressing a general opinion upon which, in itself, no buyer can reasonably rely. *See Shutter Shop,* 114 F.Supp.2d at 1229. In this case, however, Defendant enunciated a reasonably specific, objectively verifiable statement that its workers would have at least some basic level of training and experience. Wherever the line should be drawn between fact and opinion, this statement falls on the side favoring Plaintiff.[5] *See id.* at 1226–29.

Finally, the court finds that Plaintiff suffered at least nominal damages; the alleged defects rankled both Plaintiff and his wife over a sustained period of time.[6]

---

**5.** Defendant objects that various other statements are "puffery." If this case proceeds to trial, those statements may be addressed via an appropriate motion in limine.

**6.** Plaintiff also contends that Defendant's actions have lowered the value of his home.

(Resp. at 5.) However, Plaintiff's allegation is not accompanied with any citation to the record. The conclusory allegations of counsel do not substitute for evidence. *See Bowden v. Wal–Mart Stores, Inc.,* 124 F.Supp.2d 1228, 1237 (M.D.Ala.2000). Thus, each allegation in Plaintiff's pleadings must be accompanied

(Scott's Dep. at 76–78.) "In order to recover nominal damages for fraud, the plaintiff need not show the exact extent of his damages, but only that he has been damaged." *LaCoste v. SCI Ala. Funeral Serv., Inc.,* 689 So.2d 76, 81 (1996) (quoting *Long–Lewis Hardware Co. v. Lightsey,* 392 So.2d 545, 547 (1980)). Moreover, Plaintiff may be entitled to punitive damages, even if he has suffered only nominal damages in fact. *See Life Ins. Co. of Ga. v. Smith,* 719 So.2d 797, 806 (1998). The court finds that Plaintiff has met his burden of showing damages.

Because this case involves promissory fraud, there also must be evidence from which a jury could find scienter and an intent to deceive at the time of misrepresentation. *See Upton,* 762 So.2d at 376. Defendant asks the court to find in its favor because Defendant sent another crew to fix the siding defects immediately after Plaintiff complained. A jury might well so find. But, at this point, the court must draw all inferences in Plaintiff's favor. *See Celotex,* 477 U.S. at 322, 106 S.Ct. 2548. No materials (such as affidavits) affirmatively negate a fraudulent intent on Defendant's part, and the record contains sufficient evidence from which a jury could reach the opposite conclusion. Thus, there is a genuine issue of material fact on all elements of Count One, and summary judgment, therefore, is due to be denied.

### 2. Counts Three and Four

Summary judgment is appropriate, however, on Counts Three and Four. The court finds that Defendant met its burden of showing the absence of evidence sufficient to support these claims. *See Fitzpatrick v. City of Atlanta,* 2 F.3d 1112, 1115–17 (11th Cir.1993). Plaintiff's Response does not address any of Defendant's arguments. Thus, the court finds that Plaintiff has abandoned his claims. *See Resolution Trust Corp. v. Dunmar*

*Corp.,* 43 F.3d 587, 599 (11th Cir.1995) (abandoned claims). Summary judgment shall be entered accordingly.

### V. ORDER

Based on the foregoing, it is CONSIDERED and ORDERED that Defendant's Motion For Summary Judgment be DENIED with respect to Count One and GRANTED as to Counts Two, Three, and Four of Plaintiff's Complaint. It is further ORDERED that the parties inform the court within 10 days of this Order why this case should not be remanded to the Circuit Court of Macon County, Alabama. *See* 28 U.S.C. §§ 1332, 1447(c).

---

with a designation of *specific facts* showing that there is a genuine issue for trial. *See* FED. R. CIV. P. 56(c). Because Plaintiff has failed to do so (and, the court notes, has also failed to comply with the requirements set forth in the Uniform Scheduling Order in this case, *see* Doc. No. 10 § 3), this allegation is meaningless.