314 So.2d 180 (1975)
Emil Paul MARINI and Rose Christine Marini, Appellants,
v.
TOWN & COUNTRY PLAZA MERCHANTS ASSOCIATION, INC., a Corporation, and American Liberty Insurance Company, a Corporation, Appellees.
No. V-384.
District Court of Appeal of Florida, First District.
May 23, 1975.
*181 Lefferts L. Mabie, Jr., of Levin, Warfield, Middlebrooks, Graff, Mabie, Rosenbloum & Magie, Pensacola, for appellants.
Joe J. Harrell, and Donald H. Partington, of Harrell, Wiltshire, Bozeman, Clark & Stone, Pensacola, for appellees.
McCORD, Judge.
This is an appeal from a final judgment rendered after a directed verdict in favor of the defendants below finding defendants not liable to plaintiffs (appellants) under appellants' claim based upon breach of implied warranty as to fireworks used in a fireworks display. After the final judgment on the implied warranty claim, the cause continued against Vitale Fireworks Manufacturing Company on the issue of negligence in its manufacture of the fireworks. That trial resulted in a verdict in favor of appellants and entry of a final judgment which is the subject of an appeal in the companion case no. V-277, 314 So.2d 176. The opinion in that case is also being released on this date. The only appellees here are Town and Country Plaza Merchants Association and its insurer. This appeal as originally styled listed Vitale Fireworks Manufacturing Co., Inc., as one of the appellees. We have corrected the style to eliminate it.
Appellant, Emil P. Marini, a retired fire department captain, was injured as the result of an explosion of a pyrotechnic device in a fireworks display that he was employed to put on for Town and Country Plaza Shopping Center. He had conducted similar displays for many years previously. In the spring of 1972, Ruth G. Fillingim wrote to Marini on behalf of Town and Country asking if he would be available to put on their fireworks display as he had done for them for the past few years. The display was scheduled for the evening of June 30, 1972, and she was told by Marini that she could depend upon him being there. The business arrangement was that he would be paid $50 for putting on the fireworks show. He was to be in complete charge of the operation. Mrs. Fillingim ordered the fireworks from Vitale Manufacturing Company and did other things necessary to make arrangements. The fireworks were shipped from Vitale to Town and Country and were opened by an employee of Town and Country for the *182 purpose of counting the shells. No other person touched the display shells prior to the time they were delivered to Captain Marini. He arrived at Mrs. Fillingim's office at about 6:30 p.m. on the date of the display and was shown the firing instructions from Vitale. He told Mrs. Fillingim that he did not need the firing instructions because he had been working with the fireworks so long that he could tell the manufacturer how to fire them. He had read Vitale's books on other occasions and did not feel he needed to read the instruction book on this particular occasion. He picked up the fireworks, unloaded the truck at the display site, set his mortars, inspected the shells and fireworks as they were placed on the ground behind each mortar and advised Mrs. Fillingim that everything was ready to go for the display. After commencing the fireworks display and firing several shells, Marini lost his left hand and part of his forearm when one of the shells exploded while he was lighting it.
In this case, the claim of Marini against Town and Country is upon implied warranty. There is no claim of negligence. He was employed for the specific purpose of firing the display because of his expertise and knowledge as an operator. He was familiar with the manufacturer of the fireworks and felt the manufacturer was reputable. He made no objection to the use of the fireworks. There is no evidence that Marini relied upon Town and Country's selection of the fireworks and he knew that Mrs. Fillingim, the agent of Town and Country was not an expert in fireworks. An implied warranty arises from a sale of goods or property though it has on some occasions been extended to a lease. There was no sale or lease of the fireworks between Town and Country and Marini. The sale was between Vitale and Town and Country. Any warranty that might be implied would exist only as to the seller. See White v. Sarasota County Hospital Board, Fla.App.2d, 206 So.2d 19; W.E. Johnson Equipment Company v. United Airlines, Inc., Fla., 238 So.2d 98. The general law as stated in 77 C.J.S. Sales § 302, is as follows:
"Warranty is an incident to a contract of sale, and assumes or necessarily implies the existence thereof. A warranty is not an essential element of a sale, which can exist without it, but there can be no warranty without a sale."
This general statement of the law has been modified to some extent to include leases under some circumstances, but we have not found any authority and none has been cited which would raise an implied warranty between an employer and his employee or between an independent contractor and one with whom he contracts as to goods furnished to the independent contractor or employee which were not sold or leased to him by the employer or the person with whom he contracted.
Affirmed.
MILLS, J., concurs.
BOYER, Acting C.J., concurring specially.
BOYER, Acting Chief Judge (concurring specially).
I am not prepared at this time to categorically hold that there can be no implied warranty in the absence of a sale or a lease. I can conceive of factual situations involving neither in which, in my view, warranties might well be implied. However, I do concur that under the factual situation in this case the final judgment rendered after the directed verdict should be affirmed.