425 So.2d 627 (1983)
Thomas E. WHITEHEAD, Thomas D. McCloskey, James C. McCloskey, Thomas D. McCloskey, Jr., George B. Jamme and James Y. Arnold, Jr., Appellants,
v.
RIZON EAST ASSOCIATION, McCloskey and Co., Inc., Mechanical Systems, Inc., F.A. Kashmiry and Kashmiry & Associates, Inc., Appellees.
No. 80-364.
District Court of Appeal of Florida, Fourth District.
January 19, 1983.
F. Kendall Slinkman, West Palm Beach, for appellants.
Howard L. Conklin of Tripp & Conklin, Fort Lauderdale, for appellees, F.A. Kashmiry and Kashmiry & Associates, Inc.
V. Craig McCaghren, West Palm Beach, for appellee, Mechanical Systems, Inc.
*628 GLICKSTEIN, Judge.
This is an appeal by developers/partners, third-party plaintiffs in the trial court, from a summary final judgment entered in favor of three third-party defendants: an air-conditioning, heating and ventilation contractor, Mechanical Systems, Inc.; an engineer, F.A. Kashmiry; and the engineer's corporation, Kashmiry & Associates, Inc. We reverse and remand.
The original proceeding was brought in 1974 by numerous owners of condominium units in Horizon East, a nine-story, forty-eight unit building located in the Town of South Palm Beach. The defendants (third-party plaintiffs) were the six partners doing business as South Palm Beach Club, which was alleged to have developed and constructed the building. The complaint alleged numerous defects, including the one involved here, the absence of exhaust duct venting in the bathrooms. Attached to the complaint was a copy of the standard terms and conditions portion of the purchase and sale agreement between the parties; paragraph three thereof recites in part:
3. The Building. If at the date of this Agreement the condominium building in which the condominium parcel is located has not been completed, then the Developer does agree that it will construct and equip a multi-story apartment building and other improvements substantially in accordance with the plans thereof and all revisions and addenda thereto prepared by Petersen & Martin, Architects, Pompano, Florida, on file at the office of Developer (allowing only those minor deviations which may be occasioned by expediency, practicability and as are common to the construction industry in general) in accordance with current construction schedules and subject to availability of labor and materials.
With respect to Mechanical, at the time summary judgment was entered, the pleadings were in an atrocious condition. The partners had filed an answer and third-party complaint as a result of the plaintiffs' amended complaint. However, they never filed an answer to the second amended complaint[1] nor did they adopt any of the allegations in the second amended complaint by filing an amended third-party complaint against Mechanical. Therefore, Mechanical was not obligated to file an amended answer with respect to any matters contained in the second amended complaint. The parties' pre-trial stipulation, which we shall discuss later, was not filed until one day after the entry of summary judgment in favor of Mechanical.[2]
What the trial judge had before him as to Mechanical was the plaintiffs'[3] amended complaint, which contained a paragraph titled "Second Cause of Action" and captioned "Breach of Provisions of Declaration of Condominium." In this paragraph, the plaintiffs alleged that the declaration of condominium provided for the building to be constructed in accordance with the architects' plans and specifications and that the defendants failed to comply with this requirement. The "Fourth Cause of Action," captioned "Breach of Implied Warranties," alleged that the parties' impliedly warranted "to the individual Plaintiffs" that the condominium would be constructed in a reasonably workmanlike manner, fit for its intended purpose, and that the partners breached these warranties.
In their third-party complaint directed to Mechanical, the partners never used the *629 phrases "negligent construction"[4] or negligent design. They did allege, though, that Mechanical was responsible for the determination of the type of ventilation system that went into the building as well as the construction thereof. Further, they applied the foregoing "Second Cause of Action" and "Fourth Cause of Action" to Mechanical and additionally asserted:
5. Furthermore, the Third Party Plaintiffs state that the Third Party Defendant, Mechanical Systems, Inc., expressly warranted and represented to the Third Party Plaintiffs that the aforementioned structure and, specifically, the air conditioning, heating and ventilation system which was installed by the Third Party Defendant, Mechanical Systems, Inc., and/or manufactured by the Third Party Defendant, Mechanical Systems, Inc., and/or placed in the structure upon the recommendation of the Third Party Defendant, Mechanical Systems, Inc., would be built and constructed in a reasonably workmanlike manner and that the same would be fit for the purposes for which it was placed in the structure, advertised and sold and fit for normal use.
6. If any of the aforementioned implied or express warranties have been breached or if the structure was not, in fact, constructed in accordance with the plans and specifications prepared by Petersen and Martin, Architects, or the other documents alluded to by the Plaintiffs in the second cause of action of the Amended Complaint then the responsibility for such deficiency falls upon the Third Party Defendant, Mechanical Systems, Inc., insofar as it relates to the air conditioning, heating and ventilating system pursuant to the aforementioned written agreement and the express or implied warranties of the Third Party Defendant, Mechanical Systems, Inc.
(Emphasis added.)
Mechanical contends in its brief that summary judgment was proper; that there can be no liability on its part because the partners' claims of relief are solely based upon warranty; and that there was no privity between the partners and itself, which claims of warranty require.[5] We agree that privity is essential to the claims based on warranty; and it is uncontradicted that there is no privity between these parties. Accordingly, allegations of express warranties made by Mechanical to the partners would be of evidentiary assistance only upon an issue (if raised by the pleadings) of a tortious breach of some duty owed to the partners, not as allegations of ultimate facts involving the express warranties themselves.
That leaves the question of whether there were any allegations of negligence made by the pleadings against Mechanical. Although marginal, we believe the inartful pleadings were enough to put Mechanical on notice that the partners were claiming negligence. Notice is the name of the game. If Mechanical did not consider itself charged with negligence, its attorney's execution *630 of the pre-trial stipulation that recited the following would be unexplained except by carelessness or mistake:[6]
III. The issues to be tried between Defendants and Third Party Defendants are:
... .
B. Claim against Mechanical Systems, Inc.
(Defendants' version)
Negligence; breach of warranty; breach of contract; indemnification.
(Mechanical Systems, Inc.'s version)
Was the air conditioning system as prepared by the Third Party Defendant Mechanical Systems, Inc. fit for its intended use?
Notwithstanding the absence of privity between them, we have no difficulty in ascribing to the partners a duty owed by Mechanical to design and construct a system that met all the requirements the many documents described in the original plaintiffs' action against the partners.[7] The record is replete with deposition testimony from the partners that they met with Mechanical's representatives and discussed redesign, which ultimately led thereto and to the subcontract between Mechanical and the contractor  many of whose principals were partners in the development. If, then, there was reliance by the partners upon Mechanical to design a system that complied with all the documents described in paragraph six of the third-party complaint, and the system did not so comply, the cause of action  however inartfully alleged  would appear to be founded in negligence. There may be a complete defense not yet fleshed out which is available to Mechanical (or there may not be), but absence of warranty is not it; therefore, summary judgment should not have been entered in its favor.
With respect to the remaining appellees, Mr. Kashmiry and the corporation that bears his name, the partners' pleadings expressly adopt the second amended complaint against them and allege negligent advice. The issue of their negligence was clearly one of fact at the trial level, which should have precluded the award of summary judgment in their favor. The deposition of Mechanical's president reflects that he saw a set of plans approved by these appellees with no exhaust duct venting in the *631 bathrooms.[8] The answers to interrogatories signed by the general contractor's representative recite that it is in possession of plans prepared by the Kashmiry corporation which show no exhaust venting in the bathrooms. Although counsel for these appellees argues that there is an absence of negligence because of code compliance, Mr. Kashmiry stated on his deposition:
I will be out of my mind if I design a building with bathrooms trapped inside the building with no ventilation, even though there is a window.
Appellees' argument based upon the statute of limitations is meritless[9] and their remaining point does not warrant discussion.
DOWNEY, J., concurs.
BERANEK, J., concurs in conclusion only.
NOTES
[1] The partners later filed a one paragraph amendment which added an affirmative defense to the answer it had directed to the amended complaint, when the latter pleading was no longer viable.
[2] Appellants have argued that Mechanical's motion for summary judgment failed to conform to the requirements of Florida Rule of Civil Procedure 1.510(c), which, in part, explicitly provides:

The motion shall state with particularity the grounds upon which it is based and the substantial matters of law to be argued.
Mechanical contends this point was not presented to the trial court; and we find no motion to strike nor transcript of hearing to support that it was.
[3] The amended complaint added the condominium association as a plaintiff.
[4] Compare Wittington Condominium Apts., Inc. v. Braemar Corp., 313 So.2d 463, 468 (Fla. 4th DCA 1975), cert. denied, 327 So.2d 31 (Fla. 1976).
[5] warranty is contractual in nature, and is primarily for the benefit and protection of the promisee. Warranties may be either express or implied, but in either event the relations between the parties arise out of contract and are not based on what is known as tort or on duties imposed by law on any theory unrelated to contract.
77 C.J.S. Sales § 302, at 1117 (1952) (footnotes omitted).
In Brown v. Hall, 221 So.2d 454, 458 (Fla. 2d DCA 1969), the Second District Court of Appeal held:
Warranties, as relates to sales, are strictly contractual in nature. This is so, whether the warranty is express or implied.
See also Marini v. Town & Country Plaza Merchants Ass'n, Inc., 314 So.2d 180, 182 (Fla. 1st DCA 1975), which held:
The general law as stated in 77 C.J.S. Sales § 302, is as follows:
`Warranty is an incident to a contract of sale, and assumes or necessarily implies the existence thereof. A warranty is not an essential element of a sale, which can exist without it, but there can be no warranty without a sale.'
[6] As we have said, the pre-trial stipulation was filed, unexplainably, one day after entry of summary judgment in favor of Mechanical, but prior to entry of final judgment. This is a plenary appeal from the final judgment.
[7] In Drexel Properties, Inc. v. Bay Colony Club Condominium, Inc., 406 So.2d 515, 519 (Fla. 4th DCA 1981), pet. for rev. denied, 417 So.2d 328 (Fla. 1982), this court held:

We hold that no privity of contract must exist in order for negligent performance of a contractual duty to give rise to liability for damage to an intangible economic interest.
(Emphasis original.) See also Navajo Circle, Inc. v. Development Concepts Corp., 373 So.2d 689, 691 (Fla. 2d DCA 1979), upon which Drexel relied, wherein the court said:
Although privity is an element of a contract cause of action it is not of a tort.
The issue in any negligence action is whether the injury resulted from defendant's violation of a legal duty owed to the plaintiff. The threshold question, therefore, is whether these defendants have a legal duty to plaintiffs. "[T]he absence of contractual privity between plaintiff and defendant does not affect plaintiff's tort claim, provided plaintiff can establish the existence of a duty between the parties, and defendant's breach of such duty, with the proximate result that plaintiff suffered the damages of which it complains." Detweiler Bros., Inc. v. John Graham & Co., 412 F. Supp. 416, 419 (E.D.Wash. 1976). See also Cooper v. Jevne, 56 Cal. App.3d 860, 128 Cal. Rptr. 724 (Ct.App.2d 1976).
The duty owed by a defendant to a plaintiff may have sprung from a contractual promise made to another; however, the duty sued on in a negligence action is not the contractual promise but the duty to use reasonable care in affirmatively performing that promise. The duty exists independent of the contract. Existence of a contract may uncontrovertibly establish that the parties owed a duty to each other to use reasonable care in performance of the contract, but it is not an exclusive test of the existence of that duty. Whether a defendant's duty to use reasonable care extends to a plaintiff not a party to the contract is determined by whether that plaintiff and defendant are in a relationship in which the defendant has a duty imposed by law to avoid harm to the plaintiff.
[8] Mechanical's president, Mr. McKinnon, apparently also submitted to the giving of a sworn statement to plaintiff's counsel during which Mechanical's counsel was present. In this statement, Mr. McKinnon elaborated upon Mr. Kashmiry's knowledge and approval of the ventless system. Because of our concern with whether counsel for Kashmiry was served with a copy of this statement, we reluctantly have not included it in our deliberations, notwithstanding that it was taken months earlier than the witness's depositions. However, in the subsequent deposition given by Mr. McKinnon to counsel for Mr. Kashmiry, he stated that the building permit was obtained on the basis of the shop drawings prepared by Mechanical and approved by Mr. Kashmiry.
[9] See Judge Wetherington's fine article, Tort Indemnity in Florida, 8 Fla.St.U.L.Rev. 383, 435-36 (1980).