**DOWNRIVER INTERNISTS, formerly known as West Outer Drive Medical Center, a Michigan co-partnership, Plaintiff–Appellant, Cross–Appellee,**

v.

**HARRIS CORPORATION, a Delaware corporation, Defendant–Appellee,**

Compucare, Inc., a division of Travenol Laboratories, Inc., a Virginia corporation; Travenol Laboratories, Inc., Defendants–Appellees, Cross–Appellants.

Nos. 89–1807, 89–1808.

United States Court of Appeals, Sixth Circuit.

Argued March 14, 1991.

Decided April 11, 1991.

Dennis A. Dettmer (argued), Detroit, Mich., for Downriver Internists.

Donald S. Young (argued), and Terrance E. Haggerty, Dykema, Gossett, Spencer, Goodnow & Trigg, Detroit, Mich., for Harris Corp.

Stuart Smith (argued), Gordon & Glickson, Chicago, Ill. and John A. Stevens, Troy, Mich., for Compucare, Inc. and Travenol Laboratories, Inc.

Before MARTIN and MILBURN, Circuit Judges, and ENGEL, Senior Circuit Judge.

ENGEL, Senior Circuit Judge.

This diversity case, originating in the United States District Court for the Eastern District of Michigan, concerns a dispute over a contract for computer hardware and software. Suit for breach of that contract was brought by the purchaser of the equipment against the manufacturers of the hardware and software. A jury verdict and partial JNOV resulted in the entry of judgment in favor of the defendant suppliers and against the purchaser. We affirm.

Plaintiff and appellant, West Outer Drive Medical Center, is a Michigan medical partnership now known by the name Downriver Internists, hereinafter "the Center", its designation at trial. The Center alleges that it contracted with the defendant Harris Corporation to buy computer hardware, and with the defendant Hospital Resources Inc. (or "HRI" as it was referred to at trial, though today known as Compucare, Inc., which is now a subsidiary of Travenol Laboratories, Inc.) to buy computer software. For reasons which the parties dispute, the computer system did not work properly, and the Center brought suit for breach of contract and breach of warranty.

A trial was first held in 1982, resulting in a directed verdict for the defendant Harris. The Center did not sue HRI in the first complaint, although HRI had been joined as defendant in a third-party action by Harris. After the directed verdict for Harris was entered in the underlying suit by the Center, Harris and HRI settled their claims against each other. On appeal we reversed the directed verdict in Harris's favor.

In a second trial, held in 1989, the jury ruled in favor of Harris and HRI on the contract and warranty claims. The district court denied the Center's motion for a JNOV and granted HRI's and Harris's motions to conform the judgment to the special verdict the jury returned. It also granted a motion for JNOV on the jury's finding that the Center was a third-party beneficiary of the contract for the computer equipment. HRI also filed a counterclaim against the plaintiff Center for breach of the Center's obligation to provide a working computer system on which HRI could develop the software for Lynn Hospital under the contract. The jury ruled that although the Center breached its duty, HRI suffered no damages. The Center appeals the judgment for the defendants, and HRI cross-appeals the district court's denial of its motions for summary judgment.

I.

The contract at issue was entered into not by the Center but by Lynn Hospital, a named plaintiff along with the Center in the first trial in 1982. It was not involved in the second trial or this appeal. Apparently, the Center was adjacent to the Lynn Hospital in Lincoln Park, Michigan. One of the doctors at the Center, Al Alexander, held an administrative position at Lynn Hospital, and he and the Center's other doctors had admitting privileges at Lynn.

In 1978, Alexander solicited bids from computer companies for a computer system to meet the needs of Lynn and the Center. After several months, Lynn entered into a contract with Harris for computer hardware and with HRI for the software to run on the Harris equipment. Lynn hoped to realize tax benefits from the purchase. It also obviously hoped the hospital would benefit from the added efficiency of the computer. In addition, Lynn hoped the software developed by HRI for the hospital might prove valuable to other medical facilities and hoped to market the software to other hospitals.

Though the contracts were signed by Lynn, not the Center, the Center claims that it was a third party beneficiary of the contracts with the computer companies. The plaintiff's brief refers to the Center as the party which bore the costs of the computer system. The Center claims its total expenditures for the computer hardware and software were $924,916.89.

In October 1978, the computer arrived at the Center. HRI began developing the software needed by the Center. Apparently the system was to have been developed and tested and then installed and operated at Lynn Hospital. The project never got

that far however, since the computer did not work properly.

From 1978–1980, HRI tried to make the computer work, with mixed success. An April 1979 electrical storm knocked out power in the computer room, causing the system to overheat and perhaps damaging the hardware. An HRI witness at trial said the Center's failure to turn the computer off caused the machine to "cook" since the machine ran all night after electrical power was restored. Evidently, the Center had to restart the air conditioner manually, and failed to do so until the next morning. There was also a flood in the computer room in July 1979.

Harris claims that the Center insisted upon using the computer after these accidents instead of first seeking needed repairs. Harris also claims the Center employees operating the computer caused some of the problems. Harris also says that Lynn refused to install needed updated versions of software.

HRI and Harris claim that the Center improperly demanded that the computer and the HRI software be put to immediate use rather than allowing time for the software to be carefully developed and tested. HRI says its expectation at the time of contracting was that the computer would not be put to use until all testing and "debugging" for errors had been done. HRI also claims the problems which occurred after April 1979 were "hardware-related", and therefore not the fault of HRI.

While the source or sources of the computer problems are disputed, the system clearly did not work as the Center had hoped. By late summer of 1980, Lynn Hospital and the Center brought suit against Harris for breach of contract. HRI was added as a defendant in the second suit, and now the Center appeals the jury's verdict in favor of the defendants. The Center contends that Harris made and breached express warranties concerning the computer equipment and Harris's obligation to make repairs, as well as implied warranties of fitness for a particular purpose. The Center also argues that HRI breached its contract to provide working

software within 14 months. The parties agree that Florida law applies to the breach of warranty claims against Harris, and that Michigan law applies to the breach of contract claims against HRI.

## II.

■ The Center challenges the district court's finding that no privity of contract existed between the Center and the defendants. The contracts were signed by Lynn Hospital, not the Center, but the Center argues that delivery was made to it, not Lynn Hospital. We agree with the district judge that no privity of contract existed between the Center and Harris or between the Center and HRI. Privity is no longer required in Michigan tort law for a plaintiff who has suffered personal injury to recover on a breach of warranty theory. *See* M.C.L.A. § 440.2318, which extends a seller's warranty to any natural person in the family or household of a buyer of a defective product; *Schultz v. Tecumseh Products*, 310 F.2d 426, 429 (6th Cir.1962). Yet the Center's suit against HRI is not a warranty case based on personal injury, but a breach of contract action for economic losses, and as such, the privity requirement must still be met. *National Sand, Inc. v. Nagel Const., Inc.*, 182 Mich.App. 327, 451 N.W.2d 618, 620 (1990). The Center must have been a party to the contract to claim economic damages for an alleged breach of the contract.

Similarly under Florida law, which controls the Harris contract, privity must be shown before the Center may recover on the breach of warranty claim. *See Adee v. Great Southeast Carpet Gallery, Inc.*, 562 So.2d 409 (Fla.Dist.Ct.App.1990) (lack of privity precluded recovery); *Whitehead v. Rizon East Ass'n.*, 425 So.2d 627, 629 (Fla. Dist.Ct.App.1983) ("privity is essential to the claims based on warranty").

In both cases, the negotiations prior to signing of the contracts did not involve the Center. Although the contracts indicate that the equipment was to be shipped to the Center, they clearly state that the equipment was sold to Lynn. The Center's only apparent role in the contracts was as a

provider of financing in order for the Center to claim tax benefits. The Center was not bound by the terms of the contracts, and was not a party to the performance obligations spelled out in the contracts. The district court properly found that privity of contract did not exist between the Center and Harris or HRI.

The Center also challenges the JNOV granted in favor of Harris on the question of the Center's status as a third party beneficiary of the Lynn Hospital–Harris contract. The jury found that the Center was such a beneficiary, but ruled that the Center had suffered no damages for which Harris should be found liable.

Florida law, which the parties admit governs the Harris contract, clearly indicates that no third party beneficiary rights exist outside the UCC in a warranty case, which this is. *Taylor v. American Honda Motor Co.*, 555 F.Supp. 59, 62 (M.D.Fla.1983). Any preexisting common law remedies available to third parties are abrogated by the UCC, according to this interpretation of Florida law. Florida's version of the UCC limits third party beneficiary recovery under express or implied warranties to natural persons injured physically. Fla.Stat. Ann. § 672.318. The Center is a partnership claiming economic injury. The district court's granting of a JNOV on the question of third party beneficiary status for the Center was therefore correct as a matter of law, and the issue need not even have gone to the jury in the first place. Nonetheless, the right legal result was achieved by the JNOV in favor of Harris on this question, and since costs were awarded in favor of Harris, no harm resulted from the decision to let the question be decided by the jury.

■ HRI also raises similar arguments to those advanced by Harris, arguing on cross-appeal that summary judgment should have been granted in its favor since the Center could not have been a third party beneficiary of the HRI–Lynn Hospital contract, and therefore a breach of contract claim brought by the Center could not succeed as a matter of law. The parties concede that Michigan law applies to this particular contract, but as with the Harris

contract governed by Florida law, we find that the Center was barred from claiming third party beneficiary status from the HRI contract under Michigan law. The relevant Michigan statute, M.C.L.A. § 600.1405, indicates that a party not privy to a contract can be such a beneficiary if a promise was undertaken directly for his benefit. The contract must indicate with objective clarity that this benefit was intended. *Rieth–Riley Construction Co. v. Department of Transportation*, 136 Mich. App. 425, 357 N.W.2d 62, 65 (1984). Receipt of incidental benefits is not enough to create third party beneficiary status. *See Taggart v. United States*, 880 F.2d 867 (6th Cir.1989) (Under Michigan law, the contracting parties' motives and subjective intentions are irrelevant in determining whether a third party is a beneficiary of a contract).

This contract does not mention that the Center is to receive benefits under it, and establishes no duties running from HRI to the Center. We conclude that HRI was entitled to summary judgment on the question of the Center's third-party beneficiary status. The Center was neither a party to the contract nor a third party beneficiary of the HRI–Lynn Hospital contract and is precluded from recovering on a breach of contract claim against HRI. Though the question of HRI's contract liability was submitted to the jury—and decided in HRI's favor—we find that HRI was entitled to summary judgment as a matter of law.

### III.

The balance of the Center's appeal concerns various alleged errors committed by the district court at trial. While our above holding precludes any right of recovery by the Center against either Harris or HRI, we are satisfied that the district court acted properly and within its discretion when it refused to allow disclosure to the jury of the prior adversarial relationship, and subsequent monetary settlement between HRI and Harris; allowed Harris to ask leading questions on cross examination of an HRI witness, *see Morvant v. Construction*

*Aggregates Corp.*, 570 F.2d 626, 635 (6th Cir.1978) (There is no rule of evidence or case preventing cross-examination by leading questions, even when the witness and questioning party are friendly); and overruled the Center's objections to Harris's counsel's comments to the jury regarding the Center's failure to call certain witnesses who had served as former consultants and employees of the Center, *see Auto Owners Ins. Co. v. Bass*, 684 F.2d 764, 769 (11th Cir.1982) ("Generally, counsel in a civil trial may comment on the failure of a party to call an available witness whose testimony the party would naturally be expected to produce if favorable to him"). The rulings of the district court were well within its discretion in each case.

Similarly, we find no error in the jury instructions regarding unforeseen circumstances, proximate causation of damages, and ambiguity of contract terms. We find no reversible error in the balance of the Center's grounds of appeal, given our finding that the Center enjoyed no contract or warranty rights against either defendant.

## IV.

■ HRI cross-appeals the trial court's failure to grant summary judgment in its favor on another ground in addition to the third party beneficiary status question discussed above. HRI argues that the statute of limitations barred the Center's claim against it because the HRI contract was for goods, and the Center failed to file suit against HRI within four years after the cause of action arose, as required by the UCC. The question is whether the contract for development of software was for goods or services. The jury ruled the way HRI wanted, finding that the contract was for goods, but HRI argues that the issue should not have gone to the jury since the court could have concluded as a matter of law that this was so.

Although several courts have concluded that contracts for software package development are for goods not services, *see Advent Systems Ltd. v. Unisys Corp.*, 925 F.2d 670 (3rd Cir.1991), *RRX Indus., Inc. v. Lab-Con, Inc.*, 772 F.2d 543 (9th Cir.1985), we need not reach the issue to resolve this appeal, and we decline to decide that ques-

tion here except to observe that genuine issues of material fact on the goods vs. services issue existed. While the Center did take advantage of an investment tax credit for the purchase of tangible personal property when it financed the software purchase, one HRI witness testified that the HRI contract was for services. The district court properly let the jury decide whether this particular contract was for goods or services. We hold only that the jury's verdict was supported by the evidence in this case. We leave for another day the possibility that another contract for software might be found to be one for services rather than goods.

We find that the plaintiff-appellant West Outer Drive Medical Center was neither a party to the disputed contracts nor a third party beneficiary of them, and as such enjoyed no rights under contract or warranty theories. In addition, no reversible errors were committed by the district court at trial. The judgment of the district court in favor of defendants Harris and HRI is therefore AFFIRMED.