## CIRCUIT COURT OF STAFFORD COUNTY

Lane Construction Corp.,
t/a Virginia Paving Co.

v.

Trading Merchandising Co., Inc.

September 14, 1994

Case No. (Law) 94000253

BY JUDGE JAMES W. HALEY, JR.

The issue here for resolution is whether the U.C.C. implied warranty of merchantability (Code § 8.2-314) and the U.C.C. warranty of fitness for a particular purpose (Code § 8.2-315) can be applicable to a contract for the paving of a parking lot.

In April 1993, the Lane Construction Company, t/a Virginia Paving Company ("Virginia Paving") entered into a contract "to furnish material and labor" to pave a parking lot owned by Trading Merchandising Company, Inc. ("Trading"). The contract contained detailed specifications as to type and layering of paving materials.

On July 15, 1994, Virginia Paving filed suit against Trading alleging non-payment under the contract. Trading counter-claimed for breach of the contract and, further, asserted both the material supplied and its manner of installation violated the U.C.C. warranties set forth above. Virginia Paving has demurred on the grounds that the U.C.C. warranties "are not applicable to construction contracts and apply only to the sale of goods."[1]

---

[1] The contract between the parties was attached as an exhibit to the motion for judgment. "On demurrer, a court may examine not only the substantive allegations of the pleading attacked but also any accompanying exhibit mentioned in the pleadings. *Flippo v. F & L Land Co.*, 241 Va. 15, 17, 400 S.E.2d 156 (1991)." *CaterCorp, Inc. v. Catering Concepts, Inc.*, 246 Va. 22, 24, 431 S.E.2d 277, 278 (1993).

Article 2 of the U.C.C. (Code § 8.2-105) limits its application to "goods" as therein defined. Agreements generally subsumed in the concept of construction contracts can include those for labor alone, for materials (or "goods") alone, or, as in the instant case, a mixed combination in varying proportion of both.

Though no appellate decision by a Virginia court was discovered, it is apparently the majority rule that the U.C.C. can be applied to a mixed contract generically defined as one for construction.

The seminal case elucidating this potential application is *Bonebrake v. Cox*, 499 F.2d 951 (8th Cir. 1974). The contract there involved the sale and installation of bowling alley equipment. In holding the U.C.C. applicable, the court stated:

> The test for inclusion or exclusion is not whether they are mixed but, granting that they are mixed, whether their predominant factor, their thrust, their purpose, reasonably stated, is the rendition of service, with goods incidentally involved (e.g., contract with artist for painting), or is a transaction of sale, with labor incidentally involved (e.g., installation of a water heater in a bathroom). 499 F.2d at 960.

Other courts have defined the inquiry as one involving the essence of the contract, *United States ex rel. Bartec Ind. v. United Pacific*, 976 F.2d 1274, 1279 (9th Cir. 1992), or the structure of compensation, *Advent Systems, Ltd. v. Unisys Corp.*, 925 F.2d 670, 676 (3rd Cir. 1991), or the ratio of material supplied to labor expended, *Coakley & Williams v. Shatterproof Glass Corp.*, 706 F.2d 756, 759 (4th Cir. 1983). The *Bonebrake* analysis and its above variations has been widely accepted. *ITT Corp. v. LTX Corp.*, 926 F.2d 1258, 1266 (1st Cir. 1991); *R. W. Murray Co. v. Shatterproof Glass Corp.*, 697 F.2d 818, 824 (8th Cir. 1983); *Pittsburgh-Des Moines Steel v. Brookhaven Water Co.*, 532 F.2d 572, 580 (7th Cir. 1976); *Cianbro Corp. v. Curran-Lavoie Inc.*, 814 F.2d 7, 13 (1st Cir. 1987); *Downriver Internists v. Harris Corp.*, 929 F.2d 1147, 1151 (6th Cir. 1991); *Jackson v. Culinary School of Washington*, 811 F. Supp. 714, 725 (D. D.C. 1993); *Conopco, Inc. v. McCreadie*, 826 F. Supp. 855, 867 (D. N.J. 1993); *Elbe v. Atkins*, 812 F. Supp. 107, 111 (S.D. Ohio 1991); *Akrosil, Div. of Inter. Paper v. Ritrama Duramark*, (E.D. Wisc. 1994); *Kline Iron & Steel v. Gray Comm. Consultants*, 715 F. Supp. 135 (D. S.C. 1989); see also, *Hawkland UCC Commercial Code Service*, Article 2, § 2-105.01; 77A, C.J.S., *Sales*, § 4, pp. 36-38; 5 A.L.R. 4th 501 "UCC-Mixed Con-

tracts for Sale of Goods." *Contra, Elkins Manor Assoc. v. Eleanor Concrete*, 396 S.E.2d 463, 468 (W. Va. 1990). "In . . . any building contract . . . the predominant factor would almost always be the cost of materials . . . . Thus, under *Bonebrake*, the UCC would control, unless the predominant factor were left entirely to a court's own intuition."

A determination as to whether materials or labor predominates in a construction contract is one of fact. *Downriver Internists v. Harris Corp.*, 929 F.2d 1147, 1151 (6th Cir. 1991). For example, in *Ranger Constr. Co. v. Dixie Floor Co. Inc.*, 433 F. Supp. 442 (D. S.C. 1977), the contract dealt with the installation of resilient flooring in a building. The court held the U.C.C. not applicable and stated:

> obvious from these facts [is] that the defendant . . . is primarily a service-oriented business which deals in materials as an incident to its performance of services in the construction of floors and flooring. 433 F. Supp. at 445.

The case discovered most factually similar to the instant one is *Port City Construction Co. v. Henderson*, 266 So. 2d 896, 48 Ala. App. 639 (1972). There the contract called for Henderson to "furnish all concrete for slab . . . [and] . . . all labor to pour and finish . . . ." Though the issue did not as here involve U.C.C. warranties, the court held U.C.C. provisions concerning the formation of the contract applicable because the contract "is in essence a contract for sale, though including an agreement for work and labor . . . ." 266 So. 2d at 899, 48 Ala. App. at 642.

Two Virginia Circuit Courts have adopted the *Bonebrake* analysis and held the U.C.C. warranty provisions potentially applicable to what can be generically described as construction contracts. *See W. E. Brown, Inc. v. Pederson Constr. Co.*, 20 Va. Cir. 280, 281-285 (1990), dealing with heating, air conditioning and plumbing subcontractors, opinion by the Honorable Jay T. Swett, Circuit Court of the City of Charlottesville, and *Chantilly Partners v. James A. Federline, Inc.*, 26 Va. Cir. 1, 8 (1991), dealing with a plumbing subcontractor, opinion by the Honorable Thomas A. Fortkort, Circuit Court of Fairfax County.

In accordance with the foregoing, the court holds that the warranty provisions of the U.C.C. can be applicable to the contract which is the basis of this litigation.

In the instant case the question of applicability of the U.C.C. warranties has been raised by demurrer. "A demurrer admits the truth of all material properly pleaded. Under this rule, the facts admitted are those expressly

alleged, those which fairly can be viewed as impliedly alleged, and those which may be fairly and justly inferred from the facts alleged." *Rosillo v. Winters*, 235 Va. 268, 270, 367 S.E.2d 717 (1988).

The Supreme Court has cautioned trial courts that motions for summary judgment and demurrers should only be granted or sustained when "it clearly appears that one of the parties is entitled to a judgment . . . ." *Renner v. Stafford*, 245 Va. 351, 353, 429 S.E.2d 218, 220 (1993). See also, *CaterCorp, Inc. v. Catering Concepts, Inc.*, 246 Va. 22, 24, 431 S.E.2d 277, 278 (1993); *Tyger Constr. Co. v. Commonwealth Dept. Hwys. & Trans.*, 17 Va. App. 166, 172, 435 S.E.2d 659, 663 (1993); *United Leasing Corp. v. Thrift Ins. Corp.*, 247 Va. 299, 301-302 (1994).

The court cannot engage in a *Bonebrake* analysis, that is, determine what is the "predominant factor" in the mixed contract, in the absence of an evidentiary hearing. For this reason, the demurrer is overruled.